## 4093.　HARRIS *v.* THE STATE.

1. One placed on trial in a criminal case will be held to have waived formal arraignment, unless, at the time of entering his plea of not guilty, he calls the attention of the court to the fact that he did not intend to waive arraignment. Merely striking from the printed waiver on the back of an accusation or indictment the words "waives formal arraignment" will not entitle the accused, after verdict, to take advantage of the fact that he was not formally arraigned, when at the time the plea was entered and before the trial was begun the attention of the court was not called to the fact that the accused had not waived arraignment.
2. The plea of former suit pending is not applicable to an accusation in a criminal case. A trial and conviction or acquittal under one accusation is a bar to a trial under any other accusation charging the same offense, even though such accusation may have been pending at the time the trial was had.
3. One present in court for the purpose of being tried under a criminal accusation may be placed on trial under another accusation charging an offense growing out of the same transaction and based upon a new affidavit, even though no warrant for the arrest of the accused was issued based upon the second affidavit.
4. The evidence warranted the verdict and no sufficient reason appears for granting a new trial.

DECIDED MAY 7, 1912.

Accusation of misdemeanor; from city court of Athens—Judge West. February 24, 1912.

*John B. Gamble,* for plaintiff in error.

*S. C. Upson, solicitor,* contra.

POTTLE, J. On May 1, 1911, Lewis Richardson made affidavit that the accused did, on the 30th day of April, 1911, commit the offense of a misdemeanor, by being intoxicated at Mt. Sinai Church in Clarke county, Georgia. Upon this affidavit a warrant was issued, and the accused was arrested and bound over by the committing magistrate to the next term of the city court of Athens. On November 21 an accusation was filed, based upon the aforesaid affidavit, and charged that the accused disturbed a congregation of persons lawfully assembled for divine service at Mt. Sinai Church, by using profane language and by being intoxicated, and that the accused did at the same time wrongfully appear at Mt. Sinai Church intoxicated, when divine service was being held. He was not tried upon this accusation, but on November 22, while the accused was in court, another affidavit was made by Lewis Richardson, charging that the accused did, on April 30, 1911, commit the offense of a misdemeanor by disturbing divine service and appearing at Mt. Sinai Church, in Clarke county, in an intoxicated condition and under the influence of intoxicating liquor. Upon this affidavit another accusation was framed, containing two counts, the first charging that the accused wrongfully disturbed a congregation of persons lawfully assembled for divine worship at Mt. Sinai Church, in Clarke county, by cursing and using profane language and by being intoxicated, and secondly, that the accused also committed the offense of a misdemeanor by appearing at Mt. Sinai Church when people were assembled for divine service, on April 30, 1911, intoxicated and under the influence of intoxicating liquor. No second warrant was issued, nor was any further arrest made, but the accused was put on trial on the second accusation. The bill of exceptions recites that the accused was forced to plead to the second accusation, and that through his attorney he did appear and enter a plea of not guilty, "without having waived formal arraignment." Before pleading, however, he filed a plea in abatement, raising the objection that he could not properly be put upon trial upon the second accusation, for two reasons: (1) that the solicitor was without authority to draw a second accusation charging an offense founded upon the same transaction as that referred to in the first accusation, when that accusation was still undisposed

of; and (2) that, no warrant based upon the second affidavit having been issued, the accused was not legally in the custody of the court, and the court had no power to force him to trial upon the second accusation before he had been arrested and committed or had waived commitment in the manner provided by law. The plea in abatement was stricken, and a verdict was returned, finding the accused guilty under the second count in the accusation; that is, the count charging that he appeared at the church in an intoxicated condition. His motion for a new trial was overruled, and his bill of exceptions complains of this judgment, and also of the judgment striking his plea in abatement.

1. The judge of the city court attaches to the bill of exceptions a supplemental certificate, made after the bill of exceptions was certified, setting forth certain facts bearing upon the point, made by the accused, that he was forced to trial without having waived formal arraignment. Under well-established practice, this court can not consider this additional certificate of the trial judge, for when he signed the first certificate to the bill of exceptions, he lost jurisdiction to make any further certification in reference to the facts of the case or his rulings during the progress of the trial, except in those instances provided for in § 6149 of the Civil Code (1910). But without reference to the statement of facts made in the supplemental certificate, we do not think there is any merit in the point that the accused was forced to trial without having waived formal arraignment. Indeed, there is really no exception made in reference to this point with which this court can properly deal; but, since it is argued at length in the brief of counsel for plaintiff in error, we briefly dispose of it. Arraignment of a prisoner consists of nothing more than reading the indictment to him, and asking him in open court whether he is guilty or not guilty. It affirmatively appears from the bill of exceptions that the accused was asked to plead guilty or not guilty to the accusation, and that he did, through his counsel, enter a plea of not guilty. It does not appear that when he was required to plead he called the attention of the court to the fact that he had not waived arraignment, or that anything was said to advise the court of the fact that the printed words, "waives formal arraignment," had been stricken from the printed waiver on the back of the accusation before the plea of not guilty was entered.

These facts, we think, bring the case clearly within the rule laid down in *Hudson* v. *State,* 117 *Ga.* 704 (45 S. E. 66), to the effect that one will be held to have waived formal arraignment if, by his silent acquiescence, before the case is submitted to the jury on its merits, he does not bring to the attention of the court that he has not been formally arraigned. This decision was followed by this court in *Waller* v. *State,* 2 *Ga. App.* 636 (58 S. E. 1106), wherein it was held: "The right of formal arraignment and plea will be conclusively considered as waived, where the defendant goes to trial before the jury on the merits, and fails, until after verdict, to bring to the attention of the court that he has not been formally called upon to enter a plea to the indictment." The whole object of the proceeding is to identify the defendant, acquaint him with the accusation, and obtain his plea; and if the prisoner voluntarily tenders his plea and the court accepts it, nothing more is required. 1 Bish. Crim. Proc. 733.' It is true that the bill of exceptions recites that the defendant was forced to plead to the accusation, but there is no recital in the bill of exceptions, nor does it appear anywhere from the record, that the court's attention was called to the fact that the accused had not waived formal arraignment, nor that the right to formal arraignment was expressly denied him. The almost universal practice, especially in misdemeanor cases, is for the accused to waive arraignment; and if he desires formal arraignment by having the accusation read over to him and the formal inquiry made, "Are you guilty or not guilty?" he should, when required to plead, call the court's attention to the fact that he has not waived his right to be formally arraigned. '

2. The further point is made that it was not competent to place the accused upon trial under the second accusation while the first one was still pending. There is no merit in this contention. The State may have as many indictments or accusations as it pleases, charging the same offense, and may place the accused upon trial under any one of them, and a conviction or acquittal under any of the indictments or accusations will be a bar to a prosecution under any of the others. *Irwin* v. *State,* 117 *Ga.* 706 (45 S. E. 48).

3. The point that the accused could not be put on trial, because a warrant was not issued upon the second affidavit, is also without merit. The accused was in court under a commitment upon a warrant issued upon the first affidavit. It has been held that the fact

that one accused of crime may have been illegally arrested constitutes no reason why he should not be put on trial when actually, brought into court for that purpose. The second affidavit was made in open court before the judge of the city court, and an accusation immediately drawn and filed. It was not necessary that a second warrant should have been issued, or that the judge of the city court or any other magistrate should have gone through the formality of committing the accused a second time to be tried. He was present in court, in the custody of the court, and there was no reason why he could not be put upon his trial.

4. The evidence amply warranted the conviction under the second count of the accusation. Since the effect of the verdict finding the accused guilty under the second count in the accusation was to acquit him of the charge contained in the first count, of disturbing public worship, it is not necessary to notice any of the assignments of error complaining of admission of evidence and instructions of the trial judge relating to the first count in the accusation. The evidence was amply sufficient to authorize the conviction of the accused of a violation of § 439 of the Penal Code (1910), and none of the assignments of error are meritorious. *Judgment affirmed.*