38601. WISEMAN BAKING COMPANY *et al.* v.
PARRISH BAKERIES OF GEORGIA, INC.

CARLISLE, Judge. 1. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to de-

ceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." *Code* § 105-302. Under the foregoing Code section an action in tort for deceit must be grounded on actual fraud, and the essential allegations of such an action are (a) that the defendant made representations; (b) that they were knowingly and with design false; (c) that they were made for the purpose and intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing or past fact; (f) that the party to whom the representations were made did not know that they were false; and (g) that he relied on the truth of such representations and suffered a loss as a result thereof. *Cosby v. Asher*, 74 Ga. App. 884, 886 (41 S. E. 2d 793) and cits.; (and see *Aderhold v. Zimmer*, 86 Ga. App. 204, 206, 71 S. E. 2d 270, containing an incomplete enumeration of the elements of such an action, since it omits the qualification that the representation must be made with respect to existing or past facts.)

2. In the instant case, the allegations of fact in the petition satisfy all of the elements of an action for fraud and deceit, and the trial judge did not err in overruling the general demurrer of the individual defendant Wiseman. Under the principles enunciated in *Commercial City Bank v. Mitchell*, 25 Ga. App. 837 (2) (105 S. E. 57), the petition also stated a cause of action against the defendant corporation.

3. None of the special demurrers to the petition which were overruled by the trial judge was meritorious.

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 18, 1961.

*E. J. Clower, James Maddox,* for plaintiff in error.

*Rogers, Magruder, Hoyt, Wright & Walther, Clinton J. Morgan,* contra.

Parrish Bakeries of Georgia, Inc., filed its petition in the Superior Court of Floyd County against Wiseman Baking Com-

pany, a corporation, and R. L. Wiseman, individually, seeking to recover from them damages in the sum of $18,500. Insofar as is material, the original petition alleged:

"3. The plaintiff is, and was at all times herein referred to, engaged in Rome, Georgia, in the production of bakery products for distribution at the wholesale level, and as a necessary and normal part of said business, the plaintiff operates machines that perform the function of wrapping individual bakery products.

"4. On or about October 27, 1959, the plaintiff learned that the Belle Meade Biscuit Company of Nashville, Tennessee, had for sale a wrapping machine, and on said date plaintiff contacted an officer of the Belle Meade Biscuit Company and obtained from that company a promise that plaintiff would have the first opportunity to buy the machine and that the machine would not be sold until the plaintiff's agents had a chance to come to Nashville and examine it.

"5. Several days later, a telephone call was received at the office of the plaintiff from the Western Union Telegraph office in Rome, Georgia, advising that there was a telegraph message from the Belle Meade Biscuit Company in Nashville, Tennessee, to Parrish Bakeries to the effect that the wrapping machine was no longer for sale.

"6. As a result of said telegraph message the plaintiff took no further action in regard to the purchase of the wrapping machine.

"7. On or about the same date referred to in Paragraph 5, a telephone call was received in the office of the Belle Meade Biscuit Company in Nashville, Tennessee, purporting to be from Parrish Bakeries of Georgia, Inc., to the effect that Parrish Bakeries was no longer interested in purchasing or examining the wrapping machine.

"8. In truth and in fact the above-mentioned telegram was not sent by Belle Meade Biscuit Company nor by any of its officers or agents nor by its consent nor with its knowledge, but said telegram was sent by the defendant, R. L. Wiseman, or at his direction.

"9. In truth and in fact the telephone call referred to in Paragraph 7 was not made by Parrish Bakeries of Georgia, Inc.,

nor by any of its officers or agents nor by its consent nor with its knowledge, but said call was made by the defendant, R. L. Wiseman, or at his direction.

"10. Said telegram was sent and said telephone call was made by R. L. Wiseman, as aforesaid, for the express purpose of insuring that the wrapping machine would not be sold to Parrish Bakeries and that Belle Meade Biscuit Company would not continue to hold the machine on the basis of Parrish Bakeries having the first refusal thereof.

"11. As a direct result of the actions of R. L. Wiseman, as aforesaid, the wrapping machine was sold by Belle Meade Biscuit Company to Wiseman Baking Company on or about November 1, 1959, without the knowledge or consent of Parrish Bakeries.

"12. At all times herein referred to the defendant, Wiseman Baking Company, was, like the plaintiff, engaged in Rome, Georgia, in the production of bakery products for distribution at the wholesale level, and it also operated wrapping machines as a necessary and normal part of its business, and it was a direct business competitor of the plaintiff.

"13. At all times herein complained of the defendant R. L. Wiseman, was the president of the corporate defendant, Wiseman Baking Company, and his actions, as set forth above, were designed to further the interests both of himself and of Wiseman Baking Company.

"14. The wrapping machine referred to above was offered to the plaintiff by Belle Meade Biscuit Company for the price of $5,000, and it was sold by Belle Meade Biscuit Company to Wiseman Baking Company for approximately $5,000.

"15. At said time, the wrapping machine had a fair market value of $17,000.

"16. But for the fraudulent and deceitful actions of R. L. Wiseman, as aforesaid, the plaintiff would have had the opportunity to have purchased said machine for $5,000, and would have so purchased it, and plaintiff's failure to obtain for the sum of $5,000, a machine worth $17,000 was due entirely to the fraud and deceit of R. L. Wiseman.

"17. The corporate defendant, Wiseman Baking Company, is

equally liable for the fraudulent and deceitful actions of its officer and agent, R. L. Wiseman, said acts having been performed in furtherance of the business of said corporate defendant.

"18. As the direct and proximate result of the fraud and deceit of the defendants, as aforesaid, the plaintiff has sustained an actual loss of $12,000.

"19. The defendants having acted in bad faith, as aforesaid, the plaintiff is further entitled to recover from said defendants its expenses of litigation, to wit: $1,500 attorneys fees, which item is necessary and reasonable in amount.

"20. The defendants having acted in bad faith as aforesaid and having wilfully and deliberately brought about plaintiff's loss, the plaintiff is also entitled to recover from said defendants the sum of $5,000, as punitive damages to deter the defendants from repeating their fraudulent and deceitful actions, as aforesaid.

"21. The defendant, R. L. Wiseman, dispatched the telegram to the plaintiff and made the telephone call to Belle Meade Biscuit Company knowing that the representations then and there made were false and unauthorized, and he made said representations with the intention to benefit himself and Wiseman Baking Company and to deceive the plaintiff, and the plaintiff acted upon the faith of said representations, and as a proximate result of the false representations having been made to the plaintiff, was damaged in the amount of $12,000."

The trial judge, after the plaintiff had amended the petition by alleging that the officer of Belle Meade Biscuit Company referred to in paragraph 4 of the original petition, was E. H. Dickman, who was then and there the secretary of the said company and in charge of selling the wrapping machine referred to in the petition, and further alleging that the telephone call referred to in paragraph 5 of the original petition was received at the plaintiff's office on Friday, October 30, 1959, overruled the general and all special demurrers to the petition, the exception here is to that judgment.