## 41986. BANKS v. THE STATE.

DEEN, Judge. 1. A witness, in testifying as to the defendant's good character, must categorically answer the questions impliedly included in *Code* § 38-1804 and no others. *Cameron v. State,* 66 Ga. App. 414 (4) (18 SE2d 16). On cross examination the solicitor may bring out specific facts for the purpose of testing the witness' knowledge, and may ask as a hypothetical question whether if the witness knew certain facts, his opinion would still be that the defendant's character was good. *Holley v. State,* 191 Ga. 804 (5) (14 SE2d 103). "The particular transactions, or the opinions of single individuals, shall not be inquired of on either side, except upon cross examination in seeking for the extent and foundation of the witness' knowledge." *Code* § 38-1804, supra. The character witness is giving non-expert opinion testimony, and on cross examination has the right of all such witnesses to give reasons for his opinions. *Thomas v. State,* 27 Ga. 287 (11). "It is a custom of general practice to allow or even require a witness to answer questions categorically by answering 'yes' or 'no'

and thereafter allow the witness to explain his answer. See 98 CJS 73, Witness, § 352. As stated in Southern Pac. Milling Co. v. Billiwhack Stock Farm, 50 C.A.2d 79 (122 P2d 650): 'The general statement of a witness can have no greater force or effect than his immediately ensuing explanation· of ·the meaning of such statement.' " *Marques v. Ross*, 105 Ga. App. 133, 138 (123 SE2d 412). Three character witnesses on the trial of this case were required to answer yes or no to an involved and somewhat inaccurate hypothetical question, and were refused their request to explain the answer as given in response to the ruling. Counsel's motion to let the witnesses state for the record what explanation they would have made if permitted was also refused, for which reason this court cannot know whether or not the explanation would have been material but must assume that it was. The enumerations of error 2 through 6 are meritorious.

2. (a) An exception to the rule that on the trial of a defendant in a criminal case, evidence of other crimes is inadmissible, is to be found where the defendant and the witness are co-conspirators and the other criminal transactions are a part of a general scheme and design to commit a series of like crimes. *Morris v. State*, 177 Ga. 106 (4) (169 SE 495). It was not error to allow the witness to testify that he and the defendant went out at night several times, that they usually on these trips either looked for or stole an automobile, and that during the trips they stole three or four such cars.

(b) The court instructed the jury at some length on the subject of criminal conspiracy, and in the general language of *Code* §§ 38-305 and 38-414 stated that declarations of conspirators during the pendency of the criminal enterprise are admissible in evidence against any member of the conspiracy, but declarations made after the criminal enterprise has ended are evidence only against the one making them. These Code sections are applicable only where there is testimony by a third party as to a declaration, admission, or confession of a co-conspirator, and have no application where no such testimony is offered, but the accomplice merely testifies against the defendant on the trial of the case. *Pippin v. State*, 205 Ga. 316 (12) (53 SE2d 482). Indubitably, while they were not authorized by any evidence in the case, and were therefore error, the error was in favor of rather than against the appellant.

3. There was testimony as to admissions and incriminating statements made by the defendant at the time he was apprehended, and the court properly gave in charge the law pertaining thereto, particularly specifying that he was talking about statements "not amounting to confessions." The case differs from *Scoggins v. State*, 103 Ga. App. 55 (1) (118 SE2d 275), where an incriminatory admission was treated by the court in such manner as would tend to make the jury think that it was in fact a plenary confession, which it was not.

The remaining specifications of error are not passed on as they are unlikely to recur.

*Judgment reversed for the reasons set out in the Division 1 of the opinion. Nichols, P. J., and Hall, J., concur.*

SUBMITTED MAY 3, 1966—DECIDED MAY 13, 1966.

*Reed & Dunn, Robert J. Reed,* for appellant.

*Floyd G. Hoard, Solicitor General,* for appellee.