## 51167. DANIELS v. THE STATE.

PANNELL, Presiding Judge.

The defendant was charged with seven counts of pimping, two counts of keeping a place of prostitution, and two counts of pandering. She was convicted on all counts of all accusations. She appeals the judgment of conviction and sentence. *Held:*

1. Appellant contends that the trial court erred in "admitting illegally obtained evidence from an illegal wire surveillance of telephone conversations. . ." Appellant points to no evidence which was admitted over an objection that it resulted from an illegal wire surveillance nor was obtained from an illegal search and seizure. Further, we have been unable to find any such objection to the introduction of any evidence in the record. "It is a well-settled rule in this State that it is too late to urge objections to the admission of evidence after it has been admitted without objection." *Childers v. State,* 130 Ga. App. 555, 556 (203 SE2d 874). See also *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456).

2. The defendant waived formal arraignment and plead not guilty to all charges. Appellant then moved to dismiss all charges in that the state had never supplied her with á list of witnesses as provided in Code § 27-1403. Assuming, but not deciding, that failure to comply with Code § 27-1403 would authorize dismissal of a case, said Code provision was not operative in the present case. Nowhere does it appear in the record that a demand for a list of witnesses was made prior to arraignment. In order for the provisions of § 27-1403 to be operative, a demand must be made prior to arraignment. *Jones v. State,* 224 Ga. 283, 286 (161 SE2d 302). There being no such demand appearing in the record, the provisions of Code § 27-1403 were not operative. The trial court committed no error in overruling defendant's motion to dismiss.

3. Code § 38-414 does not apply to those situations

where the co-defendant or co-conspirator takes the stand and is subject to cross examination. *Pippin v. State,* 205 Ga. 316 (53 SE2d 482); *Banks v. State,* 113 Ga. App. 661 (149 SE2d 415).

4. The judge included in his charge to the jury the following statement: "Ladies and gentlemen of the jury, you are charged that a person commits prostitution when he or she performs or offers or consents to perform an act of sexual intercourse for money. A person convicted of prostitution should be punished as for a misdemeanor." Appellant urges error in the court's charging on the offense of prostitution in that appellant was not charged with such offense.

The charge of the court, considered as a whole, was not confusing and did not mislead the jury as to the offenses with which appellant was charged. Further, appellant was charged with keeping a place of prostitution. The portion of the charge to which appellant objects instructed the jury as to the definition of one of the elements of "keeping a place of *prostitution*." Although it was unnecessary to include the punishment for prostitution in its definition, we cannot regard this portion of the charge as harmful to appellant. There was no harmful error in the court's charge regarding the offense of prostitution.

5. Appellant contends that the trial court erroneously admitted hearsay testimony over the objection of defense counsel. The testimony to which appellant objects was not hearsay. The prosecution asked the witness if he acted upon information received from a third party, and if so, what actions he took. No testimony was elicited regarding the contents of the conversation with the third party. The witness testified only to his actions and no hearsay evidence was introduced. Accordingly, appellant's enumeration of error No. 5 is without merit.

6. Enumerations of error 6, 7 and 8, contend that the trial court erred in admitting testimony regarding the witnesses' previous transactions with appellant. Appellant objected to this evidence on the grounds that the accusations dealt solely with occurrences on November 16, 1972, and December 6, 1972, and that it

would not be proper to deal with previous occurrences. The trial court overruled the objection. The state contends that evidence of previous dealings with appellant were properly admitted to show scheme, motive, device, frame of mind, course of conduct, and evidence of habit.

One witness testified that he went to appellant's apartment on November 16, 1972, and chose a girl from four or five girls seated in the living room. The appellant then assigned the witness and the girl to a bedroom. A few minutes later the police broke into the apartment. No money was paid to anyone on this particular occasion; however, the witness testified that he had paid $25 to appellant on previous visits to her apartment.

Another witness testified that he went to appellant's apartment on December 6, 1972, and paid $30 for the services of a prostitute. He could not recollect to whom he paid the money; however, he testified that he had paid $25 to $35 to appellant on approximately ten previous occasions.

We believe that the testimony regarding the payment of money to appellant on previous occasions was properly admitted by the trial court. The evidence objected to was logically connected with the offense for which the defendant was charged and illustrated the intent, motive, and scheme or system entertained and practiced by appellant. Compare *Guiffrida v. State,* 61 Ga. App. 595, 596 (7 SE2d 34); *Marshall v. State,* 231 Ga. 89 (200 SE2d 268); *Smith v. State,* 52 Ga. App. 88 (4) (182 SE 816).

7. In closing argument, the prosecutor commented on the fact that the police had found cocaine on one of the girls present in appellant's apartment. This statement was supported by facts in the record. " 'What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused.' " *Brooks v. State,* 55 Ga. App. 227, 232 (189 SE 852). There was no error in the court's failing to instruct the jury to disregard the prosecutor's statement.

8. Appellant's enumeration of error No. 10 is without merit.

9. The verdict of guilty is supported by the evidence.
*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED DECEMBER 3, 1975.

*Paul T. O'Connor, W. Kenneth London,* for appellant.

*Hinson McAuliffe, Solicitor, Thomas J. Moran, Jr., Assistant Solicitor, Charles R. Hadaway,* for appellee.