## 60659. STORY v. THE STATE.

POPE, Judge.
Story was tried and convicted of child molestation. During the trial the court allowed two jurors to question the seven-year-old victim over objection of defense counsel, and this is assigned as error on appeal. We reverse.

In this state, "a juror should not be permitted to examine a witness under any circumstances." *Stinson v. State,* 151 Ga. App. 533, 536 (260 SE2d 407) (1979); *Hall v. State,* 241 Ga. 252 (4) (244 SE2d 833) (1978); see (now Justice) Gregory, *Evidence,* 32 Mercer L. Rev. 63, 68 (1980). However, in the course of the examination of witnesses a juror may have a question concerning the testimony.

To allow unrestrained questioning of witnesses could be disruptive to the court or prejudicial to the parties. Further, counsel may alienate the jury by objection to a question asked by a juror. Although questions should not be solicited by the court, if a juror on his own initiative has a question about the testimony of a particular witness, he should inform the judge. State v. Martinez, 7 Utah 2d 387, 390 (326 P2d 102) (1958) (concurring opinion). To avoid prejudice, the question should be presented to the court outside the hearing of other jurors. If the judge determines that the question is relevant and proper, he may confer with the attorneys for any objection they may have to the question. The privilege of permitting a juror's question to be asked should only occur when, in its sound discretion, the trial court determines that the question will aid a juror in understanding a material issue involved in the case. State v. Martinez, supra. Upon approval by the court, the question may be asked of the witness by the judge or, if counsel so desires, the question may be asked by counsel for either party. If the question is deemed improper, the court should explain to the jury the disallowance of the juror's question. By using this procedure, problems concerning the form and propriety of jurors' questions can be avoided while allowing the jurors, who are finders of fact, to be sufficiently informed as to the evidence they are

considering.

In the present case the trial court allowed members of the jury to examine the witness directly and thereby committed reversible error. *Hall v. State,* supra. Accordingly, the judgment must be reversed on this ground and the remaining enumerations of error need not be determined.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 11, 1981.

*John W. Davis,* for appellant.

*Glenn Thomas, District Attorney, William Jasper Harvey, Jr., Assistant District Attorney,* for appellee.

*Henry Ross,* amicus curiae.