## 61804. PIERCE v. THE STATE.

McMURRAY, Presiding Judge.

This case involves the armed robbery and rape of a female attendant in a convenience store. Defendant was indicted, tried, convicted and sentenced to serve a term of 20 years as to armed robbery (Count 1) and 20 years as to rape (Count 2) to be served consecutively to the sentence imposed in Count 1. Defendant's motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The first enumeration of error is to the denial of a motion for mistrial made by defense counsel because of the alleged "improper conduct of . . . [a] . . . juror asking questions of the victim." The substance of the objection is that the defense counsel was forced to object to her questioning a witness and the juror "now thinks she has done something wrong," and now cannot find herself "in a fair and unbiased posture" under the circumstances. At the time the juror asked a question and counsel objected, the court stated: "The juror has a right to ask questions at times, but the proper method would be to ask the Court the question you wish to have answered." The juror answered that she was "sorry," and the court replied: "There is no harm done." The motion for mistrial was made and overruled outside of the presence of the jury. The question was somewhat innocuous involving the height of the counter in the convenience store. The motion for mistrial in the transcript was not quite the same as expressed in defendant's enumeration of error that he was forced to object to questioning by the juror as the objection in the transcript was that the juror was no longer placed in a fair and unbiased posture, that is, the juror no longer "would find herself in a fair and unbiased posture." We do not find this to be tenable as the court properly

instructed the juror that there was no harm done. No harmful error has been shown.

Counsel's argument is based upon language used by this court in *Stinson v. State,* 151 Ga. App. 533, 536 (260 SE2d 407), in discussing *Hall v. State,* 241 Ga. 252, 256 (4) (244 SE2d 833) wherein the Supreme Court has held that jurors are not permitted during the trial to interrogate witnesses. While the juror's reply, "I'm sorry," does to some degree express her embarrassment, nevertheless, she was instructed by the court that no harm was done, and we find no reversible error in the court's failure to grant defendant's motion for mistrial. Compare *Story v. State,* 157 Ga. App. 490 (278 SE2d 97). There is no merit in this complaint.

2. The next enumeration of error is that "[t]he trial court erred in allowing Defendant's confession into evidence since it was not voluntarily given." The testimony given by this defendant during the hearing outside the presence of the jury to determine the voluntariness of the statement is contra to that of the state with reference thereto. The court, at the conclusion of the hearing and outside the presence of the jury, in allowing the statement and confession in evidence, expressed the opinion that the circumstances were somewhat peculiar and further that the statement made by the defendant and the direct statement made by the officer were in conflict and somewhat "confusing," but since no force was shown as being used against the defendant, the statement and confession was held to be prima facie admissible in evidence. It was allowed to then be heard by the jury. However, the court instructed the jury in the charge that it is entirely a question for the jury to determine whether or not the alleged statement and confession was freely and voluntarily made after the defendant had been warned of his constitutional rights and clearly understood and knowingly gave up such rights. If they had any doubt as to the voluntariness of the statement, that is, as to the slightest hope of benefit and remotest fear of injury it would not be voluntary. The evidence presented did not demand the finding that the statement was not voluntarily given by the defendant. There is no merit in this complaint.

3. The defendant's counsel made a written request to charge based upon language taken from *Williams v. State,* 238 Ga. 298, 302 (232 SE2d 535). However, that case involved a juvenile only 14 years of age charged with the offense of murder and other facts and circumstances entirely different from the case sub judice. Further the *Williams* case does not require a charge of the nine factors set out in West v. United States, 399 F2d 467. The charge as given by the court as to the alleged statement and confession by the defendant was ample, full and sufficient under the circumstances, and the trial court

did not err in failing to give the written request to charge which was more favorable to the defendant and for that reason somewhat argumentative. There is no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 22, 1981.

*John S. Carpenter, David D. Blum,* for appellant.
*W. Bryant Huff, District Attorney, Johnny R. Moore, Stephen E. Franzen, Assistant District Attorneys,* for appellee.