## 62335. DOWDY v. THE STATE.

CARLEY, Judge.

Appellant was indicted for ten counts of theft by taking. She was found guilty on three counts and acquitted on the remaining seven. She appeals.

1. Over appellant's objection that the proper foundation had not been laid, a nonexpert witness for the state was permitted to testify that certain documents contained appellant's handwriting. The admission of this testimony is enumerated as error.

"Proof of handwriting may be resorted to in the absence of direct

evidence of execution. In such case, any witness shall be competent to testify as to his belief, who shall swear that he knows or would recognize the handwriting. The source of his knowledge shall be a question for investigation, and shall go entirely to the credit and weight of his evidence." Code Ann. § 38-708. It is unclear from the transcript but apparently the witness' testimony in the instant case was not based upon a general familiarity with appellant's handwriting. Rather, it appears that the testimony was predicated upon the witness' comparison between admitted exemplars of appellant's handwriting and the documents in question. If so, it was error to admit the testimony as coming within the ambit of Code Ann. § 38-708. See *Notis v. State,* 84 Ga. App. 199, 202 (2) (65 SE2d 622) (1951); *Copeland v. State,* 66 Ga. App. 142 (17 SE2d 288) (1941). However, even assuming that the testimony was erroneously admitted no reason for reversal is shown. The documents identified by the witness as containing appellant's handwriting were relevant only to those counts of the indictment of which appellant was acquitted. Therefore, error, if any, in the admission of the testimony was clearly harmless. See *Harris v. State,* 11 Ga. App. 137, 141 (4) (74 SE 895) (1912).

2. During the course of direct examination by the state of two of its witnesses appellant interposed objections to questions as "leading." The objections were overruled and the witnesses were permitted to answer both questions. Appellant enumerates as error the trial court's failure to sustain her objections to the two "leading" questions. Assuming that the questions were leading, the transcript demonstrates no abuse of the trial court's wide discretion in permitting such questioning. See *Shouse v. State,* 231 Ga. 716, 719 (11) (203 SE2d 537) (1974). There was no reversible error.

3. Appellant enumerates as error the sustaining of the state's objections to three questions propounded to one of its witnesses on cross examination. Appellant asserts, in essence, that by sustaining the state's objection the trial court denied appellant her right to a thorough and sifting cross examination and this constituted reversible error. Our review of the transcript demonstrates that the first question the witness was not permitted to answer had apparent reference to documents relevant only to the counts of which appellant was acquitted by the jury. See *Harris v. State,* 11 Ga. App. 137, 141 (4), supra. The second question asked the witness to relate what a co-worker had told her. This question called for an obviously inadmissible hearsay response. Furthermore, the co-worker was herself a subsequent witness in the case and appellant was given and took the opportunity to question her concerning her conversations with the original witness. See *Freeman v. State,* 230 Ga. 85, 86 (1) (195

SE2d 416) (1973). The third question also essentially called for the witness to give a hearsay answer to what "they" told her about certain matters. After the objection to the question was sustained, appellant was properly permitted to ask the witness what she knew about those matters. *Perdue v. State,* 135 Ga. 277, 278 (10) (69 SE 184) (1910). There was no reversible error in the exclusion of the witness' answers for any reason urged on appeal.

4. A Jackson v. Denno hearing was held to determine whether certain statements made by appellant were freely and voluntarily given. The statement had been made by appellant to the officer who had conducted a polygraph examination of appellant but after the examination had been concluded. The trial court ruled that appellant's post-polygraph statement, including an admission that she had taken the money in issue, was admissible. The trial court's ruling in this regard is not enumerated as error. The state, however, rested its case in chief against appellant without introducing evidence of appellant's incriminating statement. Appellant took the stand in her own defense and denied telling anyone that she had taken the money. Over appellant's objection, the state was permitted to call as its witness the officer to whom appellant had made the statement. This witness testified that appellant had stated to him that she had taken the money because "her daughter had health problems and . . . she had no insurance to cover the problems." Appellant enumerates as error the admission into evidence of this witness' testimony concerning appellant's incriminating statement.

The sole reason advanced by appellant in support of this enumeration is that it resulted in the admission of evidence concerning the results of her polygraph examination when there was no stipulation that those results would be admissible *(State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977)) and when those results were inconclusive. *Porterfield v. State,* 150 Ga. App. 303 (257 SE2d 372) (1979). The transcript reveals that all evidence concerning the facts surrounding appellant's polygraph examination was elicited or offered by appellant herself in an apparent effort to demonstrate that her admission to taking the property was not freely and voluntarily given. See generally *Powers v. State,* 150 Ga. App. 25, 27 (6) (256 SE2d 637) (1979). The state made no attempt whatsoever to introduce any evidence concerning the fact that appellant had undergone a polygraph test or the results thereof. The only testimony elicited by the state from its rebuttal witness was that appellant had admitted taking the money. As discussed above, the trial court, in a ruling unappealed from, had determined that, under all the circumstances, appellant's post-polygraph statement to the witness was freely and voluntarily given. We find no error for any reason

urged on appeal in the admission of the rebuttal witness' testimony. See *Johnson v. State,* 244 Ga. 295, 297 (5) (260 SE2d 23) (1979); *McGregor v. State,* 119 Ga. App. 40 (165 SE2d 915) (1969).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 5, 1981.

*Bob Reinhardt,* for appellant.

*H. Lamar Cole, District Attorney, Walter New, Assistant District Attorney,* for appellee.