## 67196. HODGES v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of armed robbery. Following the denial of his motion for new trial he appeals. *Held:*

The sole enumeration of error is that the trial court erred in allowing the testimony relative to the defendant's alleged flight from a police officer which occurred a substantial time after the crime, defendant contending it had no probative value and should have been ruled inadmissible. Flight is always a circumstance which may be shown and which may be taken into account by a jury in determining the issue of guilt or innocence. See *Richardson v. State,* 113 Ga. App. 163, 164 (2) (147 SE2d 653); *Whaley v. State,* 11 Ga. 123, 127 (3). Further, such evidence as to flight is not limited to flight from the crime scene at or near the time of the crime. See *Grant v. State,* 122

Ga. 740, 742-743 (1, 2) (50 SE 946). The circumstances here are that a witness who had observed the defendant at the location of the convenience store at the time of the robbery later saw him and reported same to a policeman. The witness had seen him before and knew him when he saw him again. When the policeman approached defendant he fled. Clearly, the lapse of time does not render the flight inadmissible. There is no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 28, 1983.

*R. B. Donaldson, Jr.,* for appellant.

*Spencer Lawton, Jr., District Attorney, R. Violet Bennett, Assistant District Attorney,* for appellee.