71164. WILLIAMS v. THE STATE.
(342 SE2d 703)

McMURRAY, Presiding Judge.

Defendant appeals her conviction of theft by taking. *Held*:

1. Defendant enumerates as error the denial of her motion in limine seeking to exclude from evidence a document entitled "Mutual Settlement Agreement and Release." At an in-camera hearing the State presented the testimony of an attorney that he was employed by defendant's former employer to investigate certain accounting discrepancies, that in the course of this investigation defendant had admitted taking $60,000 of her former employer's money for her personal use, and that the document in question had been executed in an attempt to reconcile the matter.

The document recites that defendant acknowledges taking $60,000 from her former employer's funds without permission, utilizing the funds for personal benefit, and concealing that such funds had

been taken. By the document defendant agreed to pay her former employer the sum of $60,000 and to comply with other conditions. The document provides that defendant's former employer and its majority shareholder release any claim or cause of action against defendant, such provision being conditioned on defendant's compliance with the terms of the document. Defendant failed to make the payment required by the document.

Defendant contends that the document should not have been admitted because it was executed to compromise a claim of defendant's former employer against her. However, the rule stated in OCGA § 24-3-37 that admissions made with a view towards compromise are not proper evidence applies to civil cases and not to criminal cases. *Moore v. State*, 230 Ga. 839 (199 SE2d 243). We note that no issue is raised as to the voluntariness of the acknowledgments attributed to defendant in the document. This enumeration of error is without merit.

2. Defendant contends the trial court erred in not allowing the defendant to make objections to evidence tendered by the State in the presence of the jury. The procedure adopted by the trial court was of the pattern that the prosecuting attorney would tender the State's exhibit, defense counsel would object and the trial court would state that it would hear the objection out of the presence of the jury. Later, out of the presence of the jury, defense counsel stated his objection to the exhibits. Defense counsel made no objection to this procedure at trial. A ground not raised by objection at trial cannot be raised for the first time on appeal. *Hardeman v. State*, 252 Ga. 286, 288 (2) (313 SE2d 95).

3. The State contended at trial that the indictment charged the defendant with the felony grade of theft by taking. However, the trial court ruled, prior to the court's charge to the jury, that the language of the indictment charged the defendant only with the misdemeanor grade of theft by taking. Whether or not the trial court was authorized to declare that defendant was only charged with a misdemeanor is not at issue here. However, having made this determination and upon defendant's being found guilty, the trial court was bound to sentence defendant as for a misdemeanor. The court sentenced defendant to serve 12 months in confinement and pay a fine of $2,000. Defendant urges that the fine levied was in excess of that allowed by law and was erroneous. Under the particular facts and circumstances of the case sub judice, the fine imposed exceeded the maximum fine allowed (see OCGA § 17-10-3) and must be reversed.

4. Defendant enumerates as error the admission of the State's exhibits over defendant's objection of failure to properly lay a foundation for the admission of business records. Ms. Morris identified the majority of the State's documentary evidence which consisted of business records of defendant's former employer. Ms. Morris testified that

she worked as defendant's subordinate prior to defendant's resignation; that upon defendant's resignation she had inventoried the employer's business records and taken over responsibility for custody and control of those records; and that the exhibits in question were records of the employer kept in the ordinary course of business. Defendant also argues that Mr. Neal (bank credit analyst) failed to present a proper foundation for the admission of certain credit card records (the charge card statement of defendant on her former employer's account). Mr. Neal testified that he was custodian of the records which were kept in the ordinary course of business. The trial court did not err in admitting the exhibits. *Robinson v. State*, 173 Ga. App. 260, 261 (2) (325 SE2d 882); *Reed v. Heffernan*, 171 Ga. App. 83, 84 (1(a)) (318 SE2d 700); *Johnson v. State*, 168 Ga. App. 271, 272 (1) (308 SE2d 681).

5. Defendant contends the trial court erred by allowing exhibits not admitted into evidence into the jury room. Following the charge to the jury the trial court stated: "Do you want to look at the matters to be taken to the jury room? They are there . . . Give the lawyers a chance to look at them, . . . see if they have any objection . . . Let the record show both counsel have looked at the items the sheriff is now picking up to deliver to the jury. I assume the items you have looked at are the items which have been ruled admitted. Doesn't mean you agree with the ruling or waived any objection. Those are the items that have been ruled admissible; is that correct?" The prosecuting attorney and defense counsel both responded, "yes, sir." The factual premise upon which defendant's enumeration is predicated is refuted by the record. The burden is on defendant to show any asserted error affirmatively by the record and to raise timely objections in regard thereto. Defendant has failed to carry her burden. *Timberlake v. State*, 246 Ga. 488, 496-497 (4) (271 SE2d 792).

6. Defendant's final enumeration of error complains for the first time that a number of exhibits were improperly admitted because they involve transactions which occurred beyond the period of the statute of limitation. An objection to the admission of evidence may not be raised for the first time on appeal. *McDaniel v. State*, 169 Ga. App. 254, 256 (4) (312 SE2d 363); *Timberlake v. State*, 246 Ga. 488, 497 (4), supra. This enumeration is without merit.

*Judgment affirmed as to conviction; reversed as to sentence. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 20, 1986 —
REHEARING DENIED MARCH 11, 1986 —

*Garland B. Cook, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Benjamin H.*

*Oehlert III, Assistant District Attorneys*, for appellee.