## 72377. BELL v. THE STATE.
## 72378. WRIGHT v. THE STATE.
### (347 SE2d 321)

SOGNIER, Judge.

Appellants were convicted in a joint trial of burglary, and they appeal.

1. Appellants contend the trial court erred by denying their motion for a mistrial after the prosecuting attorney improperly placed appellants' character in issue. Frederick Collins testified he talked to appellants and Otis Robbs at Cumberland Mall the Sunday before the burglary involved here, and Robbs asked Collins if he had heard about a robbery at the mall. When Collins said yes, Robbs said "[w]e made a lick," which meant rob. Appellants moved for a mistrial on the ground that this improperly placed their character into evidence and was evidence of a confession of another crime. The motion was denied and the court gave no limiting or curative instructions to the jury. Appellants argue that the court's failure to take corrective action after denying the motion for a mistrial was error.

The trial judge stated that he would instruct the jury that Robbs was on trial for burglary of Zale's store and for no other offense. Appellants' counsel stated that he wanted such an instruction but would renew his motion for a mistrial after the instruction was given to preserve the issue for appeal. The court stated that it would not allow appellants to renew their motion after the instruction was given, and after much discussion between the court and counsel, the court stated that no instruction would be given. Appellants contend that in the absence of a curative instruction it was error to deny their motion for a mistrial.

In the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial, even where no curative instructions were given. *O'Neal v. State*, 170 Ga. App. 637 (2) (318 SE2d 66) (1984). In view of the overwhelming evidence of appellants' guilt, including witnesses who observed appellants in the mall after it was closed, fingerprint evidence and statements by appellants that they committed the burglary, we find no abuse of discretion in denying their motion for a mistrial.

2. Appellants contend error in allowing James Crumby to testify because the State furnished appellants only a condensed version of statements by appellants to Crumby, and such condensed statements did not meet the requirements of OCGA § 17-7-210. The statement in question was not a written statement by either appellant, but was a forty-page written statement by Crumby, apparently containing certain statements made by appellants to Crumby while they were in jail together. Pursuant to appellants' request, the State furnished them

with a ten-page condensation of Crumby's statement as to what appellants told him. Statements made by a defendant to another inmate while both are in jail constitute a statement while in police custody requiring disclosure upon proper request. *Walraven v. State*, 250 Ga. 401, 406 (2) (297 SE2d 278) (1982). OCGA § 17-7-210 (b) provides that if a defendant's statement is oral the prosecution shall furnish, in writing, all relevant and material portions of the defendant's statement. The State complied with this requirement by furnishing appellants all relevant and material portions of their statements to Crumby. Appellants cite no authority and present no argument as to why the summary of their statements did not meet the requirements of the code. Since the State complied with the code requirements, we find no error in allowing Crumby to testify.

3. Appellants contend the trial court erred by denying their request to charge that mere presence at the scene is not sufficient to show that a defendant is a party to the crime. However, appellants did not request a charge on "mere presence"; rather they requested that the court charge on OCGA § 16-2-20 which defines when a person is a party to a crime, and the court gave such an instruction. Thus, there is nothing for us to review. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

*Judgments affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 24, 1986.

*James D. Stokes*, for appellants.
*Thomas J. Charron*, District Attorney, *Debra H. Bernes*, Assistant District Attorney, for appellee.