## 71869. DURHAM v. THE STATE.
(347 SE2d 293)

BENHAM, Judge.

Appellant was indicted for two counts of armed robbery and two counts of possession of a firearm during the commission of a felony. The trial court directed a verdict of acquittal on the first count of possession of a firearm during the commission of a felony, and the jury acquitted appellant of the armed robbery charge associated with the count on which the verdict was directed. This appeal is from appellant's conviction of the remaining offenses.

1. Some three months after appellant's arrest, he attempted to escape while attending court for a bond hearing. Appellant enumer-

ates as error the admission at trial of evidence of that escape attempt, contending that the escape attempt was too remote in time to have any probative value concerning the charges for which he was tried. That contention has been decided adversely to appellant in *Carver v. State*, 137 Ga. App. 240 (1) (223 SE2d 275) (1976). See also *Hodges v. State*, 169 Ga. App. 70 (311 SE2d 506) (1983).

2. The trial court's denial of appellant's motion to sever for trial the charges arising from the two armed robberies is the subject of his second enumeration of error. Under the circumstances of this case, where the two robberies occurred approximately one month apart and involved the same store and the same victim, it cannot be said that the offenses were joined solely on the ground that they were of the same or similar character or that the trial court erred in denying appellant's motion for severance. *Phillips v. State*, 238 Ga. 616 (5) (234 SE2d 527) (1977).

3. Appellant's co-indictee testified against him at trial. When the witness professed an inability to remember certain details of the crimes with which appellant was charged, the prosecuting attorney reminded him that his plea bargain required that he testify truthfully at appellant's trial. In explanation of his uncertainty concerning details of the two robberies, the witness said, "I've done so many. I've got other charges and counts, as you know. I may get the stores mixed up, dates and times." Appellant moved for a mistrial and enumerates as error the denial of that motion, contending that his character was placed in issue by the witness' statement. We find no error.

First, the witness was referring only to himself, not to appellant, when he mentioned the other offenses. When speaking of appellant's involvement with him in criminal activity, the witness spoke only of the "first" and "second" robberies, referring to the two robberies for which appellant was on trial. We do not believe that appellant's character was placed in issue by his co-indictee's self-incriminatory statement.

Second, "[a]n exception to the rule that on the trial of a defendant in a criminal case, evidence of other crimes is inadmissible, is to be found where the defendant and the witness are co-conspirators and the other criminal transactions are a part of a general scheme and design to commit a series of like crimes. [Cit.]" *Banks v. State*, 113 Ga. App. 661 (2a) (149 SE2d 415) (1966). See also *Palmer v. State*, 146 Ga. App. 290 (246 SE2d 372) (1978).

4. Since the jury acquitted appellant of one of the armed robbery counts, the denial of a motion for a directed verdict of acquittal as to that count, if error, was, as appellant concedes in his brief, harmless. "Harm as well as error must be shown to authorize a reversal by this court." *Potts v. State*, 134 Ga. App. 512 (4) (215 SE2d 276) (1975).

5. Appellant's final enumeration of error is that the trial court

erred in denying his motion for a directed verdict of acquittal on the two counts for which he was convicted. The test for determining the sufficiency of the evidence in response to a motion for a directed verdict of acquittal is that established by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979): whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

The evidence at trial, including the testimony of appellant's accomplice and that of the victim, was that appellant pointed a rifle at the clerk of a convenience store, demanded and took all the money from the cash register, and departed. That evidence was sufficient to enable any rational trier of fact to find appellant guilty of both offenses, armed robbery and possession of a firearm during the commission of a felony, beyond a reasonable doubt. *Jackson v. Virginia*, supra; *Pyburn v. State*, 175 Ga. App. 158 (14) (332 SE2d 899) (1985). It was, therefore, not error to deny appellant's motion for a directed verdict of acquittal as to the two counts of which he was convicted. *Humphrey*, supra.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DISMISSED JULY 7, 1986.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, Barry Irwin, Deborah D. Haygood, Assistant District Attorneys*, for appellee.