## 73887. COLLINS v. THE STATE.

(358 SE2d 876)

CARLEY, Judge.

Appellant was brought to trial before a jury on two indictments and on one accusation. Each of the indictments charged appellant with one count of entering an automobile with intent to commit a theft therein. The one accusation charged appellant with the commission of theft by taking. Although it is unclear whether the theft by taking offense was removed from the jury's consideration by virtue of the grant of a motion by appellant for a directed verdict of acquittal or by virtue of the trial court's consent to a nol pros by the State of the accusation, it is clear that only the two counts of entering an automobile were ultimately submitted to the jury. The jury found appellant guilty of those two counts and his motion for new trial was denied. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. Several enumerations raise the general grounds. The evidence adduced at trial showed that, within a short span of time, two cars had been entered without the permission of either of the respective owners. An eyewitness identified appellant as the individual who had entered one of the vehicles. Shortly after the commission of the two crimes, a search of the area resulted in the discovery of items which had been taken from each of the two vehicles. In close proximity of the location where the cache of stolen items was discovered, appellant had apparently hidden himself and, upon his discovery, he attempted to flee. This is sufficient evidence from which any rational trier of fact could reasonably have found proof of appellant's guilt, beyond a reasonable doubt, of the two crimes for which he was being tried. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Evidence of appellant's voluntary and self-induced intoxication would not establish a viable defense to his commission of the crimes. OCGA § 16-3-4 (c). Accordingly, the general grounds are without merit and the trial court did not err in denying appellant's motion for a directed verdict of acquittal.

2. Appellant enumerates as error the trial court's admission into evidence of certain testimony which related to the theft by taking offense. The issue of appellant's commission of that offense having been entirely removed from the jury's consideration, error, if any, in the admission of such evidence as related thereto would be harmless. See generally *Dowdy v. State*, 159 Ga. App. 805 (1) (285 SE2d 764) (1981). " 'Harm as well as error must be shown to authorize a reversal by this court.' [Cit.]" *Durham v. State*, 179 Ga. App. 636, 637 (4) (347 SE2d 293) (1986).

3. Appellant enumerates as error the trial court's denial of a motion for mistrial. The motion was made at the close of the State's

evidence and after the theft by taking charge against appellant had been withdrawn. The basis for the motion was the assertion that appellant's character had been improperly placed into issue by the State's election to try him on the charge of theft by taking in conjunction with the two charges of entering an automobile.

Appellant made no motion to sever the theft by taking offense for separate trial. The record is devoid of any indication of improper conduct on the part of the State and shows instead that, in trying appellant for all three offenses, the State was making a good faith effort to join related offenses. See *Jackson v. State*, 249 Ga. 751, 757 (6) (295 SE2d 53) (1982). The prosecutor had subpoenaed an eyewitness to the theft by taking offense. When that subpoenaed witness did not appear at the call of the case, an immediate attachment was apparently issued but the prosecutor elected to begin the trial without her. When the witness had not been secured by the time the State was otherwise prepared to close its evidence, the theft by taking charge was withdrawn from the jury's consideration. Although the trial court thereafter denied appellant's motion for mistrial, it instructed the jury that the theft by taking charge had been withdrawn and that only the two counts of entering an automobile remained pending against appellant.

"In the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where no curative instructions were given. [Cit.]" *Bell v. State*, 179 Ga. App. 491 (1) (347 SE2d 321) (1986). Considering the withdrawal of the theft by taking offense from the jury's consideration and the trial court's instructions that only the two offenses of entering a vehicle were remaining, we find no abuse of discretion in denying the motion for mistrial. Moreover, after the trial court gave its instructions to the jury, appellant did not renew his motion for mistrial. "[T]he denial of a motion for mistrial is not subject to review where, as here, the motion was not renewed following curative instructions. [Cit.]" *Morgan v. State*, 181 Ga. App. 113 (1) (351 SE2d 517) (1986).

4. Appellant contends that the trial court erred when, within the hearing of the jury, it allegedly made negative comments with respect to a defense witness. However, the record shows that the trial court's comments actually took the form of proper instructions to the jury regarding the violation by the defense witness of the rule of sequestration. *Jordan v. State*, 247 Ga. 328, 347 (10) (276 SE2d 224) (1981). There was no error. In addition, appellant made no objection to the jury instruction when it was given by the trial court. "A ground not raised by objection at trial cannot be raised for the first time on appeal. [Cit.]" *Williams v. State*, 178 Ga. App. 216, 217 (2) (342 SE2d 703) (1986).

5. The trial court's charge on recent possession of stolen property is enumerated as error. The record shows that, at the conclusion of its instructions to the jury, the trial court inquired of counsel whether there were any objections. In response to this inquiry, appellant's counsel stated several objections and did not reserve the right to raise additional ones. The grounds that appellant now asserts in support of this enumeration were not raised in the trial court. Appellant's right to raise these grounds has, under the circumstances, been waived. See generally *Alexander v. State,* 180 Ga. App. 640 (1) (350 SE2d 284) (1986).

6. The trial court's refusal to give several of appellant's written requests to charge is enumerated as error. The record shows that appellant did object to the failure to give these requests in the trial court. Compare *Alexander v. State,* supra. However, the record also shows that the trial court did instruct the jury on the legal principles contained in appellant's requests to charge, including the presumption of innocence and the jury's duty to return a verdict of not guilty unless it was convinced of appellant's guilt beyond a reasonable doubt. In so instructing, the trial court employed language which was significantly less argumentative than that which had been employed in appellant's requested jury charges. There was no error.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 8, 1987.

W. David Cunningham, for appellant.
David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney, for appellee.