## 77136. McGARITY v. THE STATE.
### (378 SE2d 179)

Pope, Judge.

Defendant Mark McGarity appeals from his convictions for the offenses of kidnapping, armed robbery and possession of a firearm during the commission of a felony.

1. Defendant first contends that the trial court erred by allowing a juror to question the prosecutor during the State's closing argument and by instructing the jury that this practice was permissible.

The record shows that the State was using a photograph of the crime scene during closing argument and a juror asked "Where is the entrance to the Sandwich Shop?" and "Where was he parked?" Before a response could be made defense counsel interjected "I don't think they are supposed to be talking during closing argument." The trial court responded "A juror can ask questions, but the argument must be based on the evidence. The lawyer is not a witness, and they are not allowed to testify. . . . But the lawyer can argue from the evidence, and if the evidence shows where the entrance is, they can point it out. There is no prohibition against a juror asking a question."

We agree that under the facts here no reversible error occurred. At the outset we note that the ground urged on appeal, to wit, that the exchange violated the prohibition against jurors interrogating witnesses, (see, e.g., *Hall v. State*, 241 Ga. 252 (4) (244 SE2d 833) (1978); *Stinson v. State*, 151 Ga. App. 533 (1) (260 SE2d 407) (1979)), was not urged below. " 'A ground not raised by objection at trial cannot be raised for the first time on appeal. (Cit.)' *Williams v. State*, 178 Ga. App. 216, 217 (2) (342 SE2d 703) (1986)." *Collins v. State*, 183 Ga. App. 243, 244 (4) (358 SE2d 876) (1987). Moreover, as the trial court noted, the prosecutor is not a witness and his argument to the jury is not evidence but rather must be based on the evidence. The record shows that when the State resumed its argument, the prosecutor did not attempt to "testify" but merely continued to explain the photograph of the scene, in light of the testimony previously given at trial, including that of the defendant. Lastly, although they are not allowed to interrogate witnesses directly, jurors do have a right to ask questions, and the trial court did not err by so stating. *Pierce v. State*, 158 Ga. App. 343 (1) (280 SE2d 381) (1981); *Story v. State*, 157 Ga. App. 490 (278 SE2d 97) (1981). In view of the circumstances here, and considering the innocuous nature of the questions posed, we find no reversible error. See generally *Reed v. State*, 249 Ga. 52 (1) (287

SE2d 205) (1982).

2. Defendant next contends that the trial court erred by commenting on the evidence thereby impermissibly intimating an opinion in violation of OCGA § 17-8-57. Our review of the record does not support this contention. Instead the record shows that the exchange was precipitated by the court's concern over defense counsel's use of a police report in questioning the officer who made the report and that the court was attempting to assist counsel by explaining the proper way to use the report to impeach the testimony of the officer. When the court finished its explanation, counsel thanked the court and then added that he believed the report could also be used to explain the officer's conduct. The court indicated that was a separate issue and counsel responded "Okay. I'll follow your suggestion."

"We will first note that counsel agreed with and acquiesced in the ruling of the trial court. . . . No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives\ him of the right to complain further. [Cits.]" *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986). See also *Riley v. State*, 180 Ga. App. 409 (1) (349 SE2d 274) (1986). Moreover, " '[t]he statutory inhibition . . . ([OCGA] § 17-8-57) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. (Cits.)' " *Lobdell v. State*, 256 Ga. 769, 774 (353 SE2d 799) (1987). Accord *Russell v. State*, 184 Ga. App. 657 (2) (362 SE2d 392) (1987). Consequently, this enumeration is without merit.

3. Lastly, defendant contends that the trial court invaded the province of the jury by instructing the jury that if they could not reach a unanimous verdict, he would be required to declare a mistrial. The charge as given was a correct statement of the law and provides no ground for reversal. *Cunningham v. State*, 255 Ga. 35, 37 (3) (334 SE2d 656) (1985).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 1, 1989.

*Mitchell Rodriguez*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Constance C. Russell, Assistant District Attorneys*, for appellee.