A90A0076. RAY v. THE STATE.
(393 SE2d 524)

POPE, Judge.

Defendant Mark Trent Ray was convicted by a jury of armed robbery, robbery by intimidation and obstruction of a law enforcement officer. He appeals, contending that prejudicial error occurred when the State was allowed to cross-examine him "in such a manner as to force [him] to compare the credibility of his testimony with that of the [State's] witnesses who appeared against him." We affirm.

The robbery charges against defendant arose out of two separate

incidents which occurred at a Majik Market store located at 3221 Wrightsboro Road in Augusta, Georgia. Employees of the store testified at trial and identified defendant as the person who had committed the robberies. A customer of the store also identified defendant as the perpetrator of one of the incidents. A friend of defendant's, with whom he was living at the time the crimes were committed, testified that defendant was "passed out drunk" during the times the robberies were allegedly committed. Defendant also testified at trial that he had been drinking on the dates of the crimes and that he was asleep at the times the robberies occurred. On cross-examination the State asked the defendant if the witnesses who positively identified him as the perpetrator of the crimes "didn't know what [they] were talking about" in light of defendant's version of events that placed him somewhere else at the time the crimes were committed. It is to this line of questioning that defendant objects to on appeal.

At the outset we note that defendant posed no objection to the portion of the cross-examination asserted as error on appeal. " 'A ground not raised by objection at trial cannot be raised for the first time on appeal. (Cit.)' *Williams v. State*, 178 Ga. App. 216, 217 (2) (342 SE2d 703) (1986)." *Collins v. State*, 183 Ga. App. 243, 244 (4) (358 SE2d 876) (1987). See also *Hall v. State*, 180 Ga. App. 881 (2) (350 SE2d 801) (1986). Defendant contends, however, that the error allegedly committed here was of "constitutional magnitude" in that it violated his right to take the stand in his own behalf and thus his failure to object at trial should not preclude review by this court. "[A] defendant cannot convert harmless error to reversible error by simply attaching to an incident more significance than it in fact bears." *Rivers v. State*, 250 Ga. 288, 295 (298 SE2d 10) (1982). However, out of an abundance of caution, we have considered defendant's arguments concerning the allegedly improper cross-examination and find no grounds for reversal. Specifically, the questioning here, contrary to defendant's contentions on appeal, did not force the defendant to challenge the veracity of the State's witnesses, as evidenced by the fact that defendant responded to the line of questioning by stating that the witnesses were entitled to voice their "opinion."

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 18, 1990.

*David V. Weber*, for appellant.

*Michael C. Eubanks, District Attorney, Charles R. Sheppard, Richard E. Thomas, Katherine F. Bond, Assistant District Attor-*

*neys*, for appellee.

