**UNITED STATES of America,
Appellee,**

v.

**Johnny Lee COLEMAN, Appellant.**

**No. 71–1468.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 8, 1972.

Decided May 16, 1972.

R. Thomas Price, Fort Dodge, Iowa, for appellant.

Robert L. Sikma, Asst. U. S. Atty., Evan L. Hultman, U. S. Atty., for appellee.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and HEANEY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction for transporting forged bank checks in interstate commerce. The defendant was tried before a jury.

The only witness to link Coleman to the offense was Robert Scott, a seventeen-year-old youth who attempted to pass one of the forged checks for Cole-

man. Before trial, Scott had given to Coleman's counsel a sworn statement absolving Coleman of guilt in the offense. This evidence was introduced at trial. In his testimony at trial, however, Scott directly contradicted his earlier statement and gave strong testimony against Coleman. He stated that his prior statement was untrue and that he had made it because he was afraid of Coleman. The jury, after considering Scott's contradictory testimony, found Coleman guilty.

Three weeks after trial, Scott sent to the court, defense counsel, and the Justice Department a letter repudiating his trial testimony. Coleman's counsel filed a motion for new trial, on the grounds that justice required a new trial in view of Scott's repudiation, and on the grounds that Scott's repudiation was newly discovered evidence.

The District Court held an evidentiary hearing and took testimony from Scott, from Scott's cellmate, and from an F.B.I. agent who had interviewed Scott after he sent the letter. During that interview, Scott stated that he had told the truth at trial, and that he had sent the letter because Coleman had threatened Scott and his family, and had directed Scott to write the letter.

Following the evidentiary hearing, the District Court denied Coleman's motion for a new trial for several reasons.

■ First, the trial court judged Scott's testimony to be unworthy of belief. In doing so, it correctly relied upon the rule, stated in Connelly v. United States, 271 F.2d 333 (8th Cir. 1959), that, on a motion for new trial based on newly discovered evidence, it is the trial court's function to determine the credibility of evidence which may be produced. The transcript of the post-trial hearing amply supports the trial court's view of Scott's testimony. While

Scott did testify that his letter stated the truth and that his trial testimony was false, he refused to answer questions relating to threats from Coleman which might have induced him to write the letter. In addition, Scott's statement to the F.B.I. agent undermined his testimony. The trial court which had an opportunity to observe the demeanor of the witnesses, properly found Scott's testimony incredible.

■ Second, the trial court held that the letter and supporting testimony was merely impeaching evidence, not substantial evidence in the defendant's favor. This was the correct view of the evidence. Lindsey v. United States, 368 F.2d 633 (9th Cir. 1966), cert. denied, 386 U.S. 1025, 87 S.Ct. 1383, 18 L.Ed.2d 465 (1967).

■ Third, the trial court found that the evidence would not probably produce an acquittal. The jury had been aware of Scott's two contradictory stories at the time it found Coleman guilty. We fail to see how the evidence underlying Coleman's motion would change the jury's view of Scott's testimony.

■ With respect to Coleman's argument that justice requires a new trial, we do not agree. Whatever perjury Scott may have committed was fully exposed by cross-examination at the first trial and the evidence now sought to be introduced is merely cumulative on that issue. See, Batsell v. United States, 403 F.2d 395 (8th Cir. 1968).

■ Motions for new trial based upon the alleged recantation of a material witness should be viewed with disfavor, and a denial by the trial court will not be reversed absent a clear abuse of discretion. Batsell v. United States, *supra*.

The trial court correctly denied the motion for new trial and the judgment of conviction is affirmed.