**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-4230ND

United States of America,     *
    *
         Appellee,     *
    *   On Appeal from the United
       v.     *   States District Court
    *   for the District of
    *   North Dakota.
Loren Michael Grey Bear and     *
Jesse Dean Cavanaugh,     *
    *
         Appellants.     *

_____

Submitted: May 20, 1997

Filed: June 25, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

This is an appeal by two defendants in a criminal case from an order of the District Court denying their motion for a new trial.[1]

---

[1]The Hon. Patrick A. Conmy, United States District Judge for the District of North Dakota.

This case arises out of events surrounding the murder of Jerome Edward Peltier in 1983.  The two appellants in the present case, Loren Michael Grey Bear and Jesse Dean Cavanaugh, were tried along with nine other defendants.  The history of the case is recounted in United States v. LaFuente, 991 F.2d 1406 (8th Cir. 1993), and in our subsequent opinion, filed after remand to the District Court for findings of fact, in the same case, 54 F.3d 457 (8th Cir. 1995).  For present purposes, we limit our statement of facts to those most pertinent to the issues now presented by the appellants Grey Bear and Cavanaugh.

Grey Bear and Cavanaugh were convicted of witness tampering in violation of 18 U.S.C. § 1512.  The gist of the charge was that they had threatened one Fred Peltier, the brother of the victim, with death if he should go to the authorities and implicate them in the crime.  Grey Bear has also been convicted of perjury, in violation of 18 U.S.C. § 1623.  In support of their request for a new trial, defendants urge principally the fact that Fred Peltier has recanted his trial testimony, and now states that Grey Bear and Cavanaugh did not threaten or intimidate him.

Motions for new trial, especially when a recantation is involved, are difficult to win.  "Motions for new trial based upon the alleged recantation of a material witness should be viewed with disfavor . . .."  United States v. Coleman, 460 F.2d 1038, 1040 (8th Cir. 1972) (per curiam).  It is easy to understand why this should be so.  The trial is the main event in the criminal process.  The witnesses are there, they are sworn, they are subject to cross-examination, and the jury determines whether to believe them.  The stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their minds, or who claim to have lied at the trial.

The requirements that a motion for new trial based on newly discovered evidence must meet are stringent in other ways, as well.  Most important for present purposes is the requirement that the newly discovered evidence "must be of such a nature that,

on a new trial, [it] . . . would probably produce an acquittal." LaFuente, supra, 991 F.2d at 1408. It is the job of the district court, either on affidavits or after an evidentiary hearing (as was the case here), to decide whether the newly discovered evidence is credible, see Coleman, supra, 460 F.2d at 1040, and, if so, whether it would probably produce an acquittal if a new trial were held. Finally, in reviewing decisions by district courts on motions for new trial, our scope of review is narrow. We must affirm unless there has been an abuse of discretion. Sometimes, as in Coleman, supra, this formulation is strengthened: "A denial by the trial court will not be reversed absent a clear abuse of discretion." 460 F.2d at 1040 (emphasis added).

In the instant case, after an evidentiary hearing at which it had the opportunity to observe the demeanor of the witnesses, including Fred Peltier, the District Court specifically found that "the supposed recantation of Fred Peltier was not credible." United States v. Grey Bear, No. C2-85-069, slip op. 1 (D.N.D. Nov. 18, 1996). The real question, we suppose, is not whether the district judge believed the recantation, but how likely the district judge thought a jury at a second trial would be to believe it. The finding that the witness is not credible, however, at least in the context of this case, appears to us to cover both these bases. Indeed, if a district court does not believe a witness, it seems most unlikely that the same court would find the witness sufficiently persuasive to enable the court to say that the witness's testimony would probably produce an acquittal at a new trial. Furthermore, in the present case, the District Court did not simply announce its disbelief of Mr. Peltier in a conclusory fashion. It referred back to its earlier opinion in the LaFuente case, in which it had given specific reasons for disbelieving Mr. Peltier, reasons which appear to us to make sense.

It is true, as appellants stress, that Fred Peltier's testimony at trial was the only direct evidence of their guilt of witness tampering. His recantation, accordingly, is undeniably material and important. Still, if the recantation is not believable, it can hardly be said that it would probably produce a verdict of acquittal at a new trial. It is almost impossible for an appellate court to hold that a district judge's rejection, on

credibility grounds, of the testimony of a live witness is clearly erroneous, and we have no disposition to do so here. Indeed, our second opinion in <u>LaFuente</u>, 54 F.3d at 460, which specifically states that the District Court's finding that no credible evidence existed to support the motion for a new trial was not clearly erroneous, is virtually controlling here. Grey Bear and Cavanaugh do not suggest that they have any more evidence to produce, in support of their motion for a new trial, than LaFuente produced.

Appellants also point to certain alleged misconduct on the part of the prosecution, but each of these items was fully discussed in <u>LaFuente</u>, and we need not address the issue further here. On the whole, we are unable to say that the District Court's denial of Grey Bear's and Cavanaugh's motion for a new trial was an abuse of discretion, or that any of the District Court's findings in connection with the motion was clearly erroneous. Accordingly, the order of the District Court is

Affirmed.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-