A98A1861. RINGO v. THE STATE.
(510 SE2d 893)

McMURRAY, Presiding Judge.
A Banks County Grand Jury returned an indictment charging defendant Jason Robert Ringo with aggravated assault with a deadly

weapon "by pointing a handgun at" the victim, Diane McElroy (Count 1) and also firing a shot at her (Count 2). Defendant was also charged with three counts of terroristic threats and acts (Counts 3, 4 and 5), plus two counts of simple battery by kicking Diane McElroy on the ankle (Count 6) and kicking her on the chest (Count 7). The jury acquitted defendant of Counts 2, 3, 4, 5 and 7, but found him guilty of Counts 1 (aggravated assault with a deadly weapon "by pointing a handgun") and 6 (simple battery by kicking the victim on the ankle). Defendant's motion for new trial was denied and this appeal followed. Defendant's sole enumeration of error urges the general grounds. *Held*:

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Hawkins v. State*, 230 Ga. App. 627, 630 (3) (497 SE2d 386). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld. *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489). Viewed in this light, the evidence at defendant's trial revealed the following:

After the defendant and his wife, Cindy Ringo, separated, Mrs. Ringo along with their child, Kayla Ringo, moved in with Mrs. Ringo's mother, the victim, Diane McElroy. At approximately 9:15 p.m. on July 2, 1997, defendant went to the victim's residence, ostensibly to see his daughter. Defendant's wife was just returning home from work. As she "was heading into the house, . . . he [defendant] said he was going to come in and see Kayla, [his] daughter. And [Mrs. Ringo] told him to wait, because [she] could tell [defendant] was mad. [Mrs. Ringo] didn't want to argue in front of her [daughter]. [But defendant] said no, he was coming in anyway."

According to Mrs. Ringo, in the presence of their daughter, defendant told his wife and the victim "not to 'F' with him; [because] his blood sugar was low. And [the victim] told [defendant] not to . . . argue in front of Kayla. [But defendant] said . . . he can argue if he wanted to. . . . And he kicked [his wife's] mom in the ankle. . . ." She observed that defendant "jumped back and . . . pulled a gun out of his pants, and . . . pointed it at [Diane McElroy]." The victim confirmed that defendant arrived that evening "cussing . . . and [with] his voice . . . raised. . . . And [the victim] said, 'Jason, do not be cussing in front of the baby.' And [defendant] said, 'I do what the —

I want to[, and then] he kicked [the victim] on the ankle [causing a bruise]. [The victim] had the baby in [her] arms. And the next thing, [defendant] had jumped out in the middle of the floor in front of the refrigerator and pulled a gun out [of] the front of his britches. . . . He stuck his hand down there and pulled it out. And he had both hands on it. That's when [the victim] recognized he had both hands on it. And [the victim] still had Kayla in [her] arms when he was pointing the gun at [the victim]." Defendant admitted he "pulled out the gun, and . . . had it by [his] side[, stating:] 'She's going with me. I want her now.' "

"The testimony of a single witness is generally sufficient to establish a fact. . . ." OCGA § 24-4-8. In the case sub judice, the evidence was sufficient under the standard of *Jackson v. Virginia*, supra, to authorize the jury's verdict that defendant is guilty beyond a reasonable doubt of committing aggravated assault with a deadly weapon. OCGA § 16-5-21 (a) (2); *Harper v. State*, 127 Ga. App. 359, 360 (3) (193 SE2d 259). The evidence also authorized the verdict that defendant committed simple battery by intentionally kicking the victim on the ankle, causing a bruise. OCGA § 16-5-23 (a) (2); *Scott v. State*, 123 Ga. App. 675 (3) (182 SE2d 183).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 15, 1999.

Cook, Noell, Tolley & Wiggins, Edward D. Tolley, for appellant.
Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney, for appellee.