# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3721

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Kelwyn Harris, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 15, 1999
Filed: October 18, 1999

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Kelwyn Harris appeals his conviction after a jury trial before the District Court[1] on charges of attempting to possess with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). For reversal of his conviction (he does not raise any issues particular to his sentence), Harris argues that the District Court erred by failing to exclude the testimony of a paid government informant. We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Harris's argument is that the government's use of a paid informant who testified against Harris violated 18 U.S.C. § 201(c)(2) (1994), [2] requiring exclusion of the informant's testimony. We disagree. Harris's argument is foreclosed by our recent decision in United States v. Albanese, No. 99-1078, slip op. at 8-10 (8th Cir. Oct. 5, 1999), in which this Court rejected the defendant's identical § 201(c)(2) claim. Albanese settled (if it had not been settled previously) the § 201(c)(2) issue in this Circuit. Accordingly, we hold, consistent with Albanese, that Harris's claim, that § 201(c)(2) was violated by the government's use of the testimony of the paid informant and that the District Court erred by failing to exclude that testimony, lacks merit.

The fact that the government had paid the informant for his past assistance and had paid or intended to pay him for his assistance in this case was made known to the jury and was fully explored at trial before the jury found Harris guilty as charged. In these circumstances, the District Court properly admitted the informant's testimony and left it to the jury to assess his credibility and decide what weight, if any, to give to his testimony. We conclude that Harris's § 201(c)(2) argument provides no basis for reversing his conviction.

The judgment of the District Court is affirmed.

---

[2]Section 201(c)(2) states that anyone who,

> directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court, any committee of either House or both Houses of Congress, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or for or because of such person's absence therefrom

shall be imprisoned or fined for such conduct. See 18 U.S.C. § 201(c)(2).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.