# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2449

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Steve Block, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 11, 2000

Filed:  January 20, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Steve Block was implicated during a large-scale drug investigation in Arkansas. At Block's first trial, both an undercover officer and an informant who worked with the officer testified Block sold them drugs on two occasions.  Block's first trial ended in a hung jury.  At the second trial, the informant did not testify, but the officer did, again stating that Block twice sold him drugs.  This time, the jury convicted Block.  Block then moved unsuccessfully for a new trial, alleging the informant recanted his testimony identifying Block at the first trial.

On appeal, Block first contends the district court abused its discretion in denying his motion for new trial. When faced with a motion for a new trial involving a recantation of testimony, the district court must "decide whether the newly discovered evidence is credible, and, if so, whether it would probably produce an acquittal if a new trial were held." United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir. 1997) (citation omitted). At the evidentiary hearing on this motion, the officer testified, reaffirming his trial testimony. The informant, however, refused to answer questions, invoking his privilege against self-incrimination, and so Block offered the informant's affidavit in which he recanted his earlier testimony identifying Block. In denying the motion, the district court stated, "I heard [the informant] testify at the first trial. I credited his testimony in my own mind at that time. I don't have any reason to discredit it at this time. I do discredit his affidavit . . . , and I credit [the officer's] testimony." On this record, we cannot say the district court's credibility finding was clearly erroneous and conclude the district court did not abuse its discretion in denying Block's motion for new trial. See id. at 350-51.

Having carefully reviewed the record and the parties' briefs, we also reject Block's contentions that the district court abused its discretion by denying as untimely Block's motion to suppress the officer's in-court identification of Block, prohibiting cross examination of the officer about instances of alleged misidentification in other prosecutions resulting from the investigation, denying Block's motion for additional discovery, refusing Block's request to give the jury an absent witness instruction, and limiting the scope of Block's closing argument. Block's claim that the Government's payment of the informant in exchange for his testimony at the first trial violated 18 U.S.C. § 201(c)(2) is foreclosed by our recent decisions in United States v. Albanese, 195 F.3d 389, 394-95 (8th Cir. 1999), and United States v. Harris, 193 F.3d 957, 958 (8th Cir. 1999). Finally, we reject Block's meritless argument that, by denying his request for a reduction for acceptance of responsibility under U.S. Sentencing Guideline § 3E1.1, the district court wrongfully punished Block for exercising his

constitutional right to a jury trial.  <u>See</u> <u>United States v. Smith</u>, 40 F.3d 933, 935-36 (8th Cir. 1994).

We thus affirm Block's conviction and sentence.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.