## A03A1313. ZACKERY v. THE STATE.
### (586 SE2d 346)

MIKELL, Judge.
A jury convicted Darrell Zackery of possession of cocaine. The trial court denied his motion for new trial. Zackery appeals, contending that there was insufficient evidence to support his conviction, and that the trial court erred in admitting police officers' testimony regarding Zackery's incriminating exclamation. We disagree and affirm.

---

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

So viewed, the evidence shows that on February 1, 2000, Officers Hyatt Hall, Duncan Matthews, and Jerry Galloway of the Macon Police Department executed a search warrant at 444 Fort Hill Street, Macon, Georgia. When the officers entered the apartment they found Zackery and Kwashelda Thomas inside. During the search officers recovered a Georgia driver's license and a Georgia identification card issued to Zackery. Both documents listed 444 Fort Hill Street as his address, but Zackery and Thomas testified that he did not live there.

At trial, Zackery and Thomas testified that officers entered the apartment and handcuffed them. Officers then searched the living room and bedrooms and recovered a box of nine millimeter bullets, a Ruger nine millimeter pistol, and police scanners. During a search of the bathroom, Officers Hall and Matthews recovered a single piece of cocaine that had fallen behind a bathroom cabinet. After more searching, Officer Hall testified:

> I saw a jacket on the back of the door. The door was opened. Right at the end of the search, I saw the jacket and I searched it. I was fixing to go in the pocket and Mr. Zachery [sic] hung his head down and said, "You've got me." And I reached into the pocket and pulled out the crack.

On cross-examination, Officer Hall testified as follows:

> Q: I mean, is it at least possible that — what is it that you say exactly he said? I'm talking about Darrell Zachery [sic].
> A: In the bathroom?
> Q: Well, the thing about he hung his head and said — .
> A: He said, "You've got me."
> Q: Is it possible that what you heard was, "What have you got," or "What did you say you got?" Is it possible that you misunderstood him in some significant way?
> A: No sir. This has nothing to do with the time period of us making entry. This was an hour, hour and a half later. Everything was calm at that time.

When cross-examined further, Officer Hall testified:

> Q: But you are not sure what else was said or what else was doing [sic] on, but you're sure he said "you've got me"?
> A: I have it in my report. That one statement is in my report, yes, sir. That's pretty self-incriminating to me when someone says that.

On redirect, Officer Hall testified:

> Q: Just to make this clear: So, before you pulled the drugs out of the pocket, before you even knew there were drugs in the pocket, he said "You've got me." Darrell Zachery [sic] said, "You've got me"?
> A: Yes, sir.

Officer Matthews substantiated Officer Hall's testimony:

> Q: And were you present when Officer Hall started reaching into a jacket?
> A: Hyatt started looking into a jacket at that time and came out with a — I don't remember exactly how many pieces of crack it was. And I told Mr. Zachery [sic] that I'd found dope; and then when Hyatt pulled out the largest one, I looked at Zachery [sic] and he pretty much said, "Well you've got me."
> Q: He said that?
> A: Yes, sir. He said, "I guess you've got me."

On cross-examination, Officer Matthews testified:

> Q: I'll ask you the same thing that I asked Officer Hall. Is it at least possible that you misunderstood — let me ask this. It sounds like this dropping of the head and saying, "You've got me" — this was something that was said very low and, I guess, with sort of just resignation: "You've got me." Is that how it was said?
> A: Well, sir, we were in a bathroom. It wasn't a real big bathroom. And to the best of my memory, he dropped his head and said, "You've got me." And he added, "Do what you need to do."

When asked if she ever heard Zackery say "you've got me," Thomas testified that she did not. Zackery also denied making the statement. Officer Galloway testified that during the search, Thomas admitted to him that Zackery had been selling drugs or crack cocaine

out of the apartment since he got out of jail. At trial, Thomas denied making this statement to Officer Galloway.

Zackery and Thomas were charged with possession of cocaine with intent to distribute, violation of the Georgia drug-free public housing act, and possession of a firearm during the commission of a felony. Thomas pled guilty to the drug charge and gun charge. Zackery's case was originally scheduled for trial in June, 2000; however, he left the courthouse prior to voir dire and did not return. The trial was rescheduled, and on August 14, 2001, the jury convicted Zackery of the lesser included offense of possession of cocaine; the trial court entered a directed verdict on the remaining counts.

1. This appeal was docketed on March 3, 2003. We granted Zackery's motion for an extension of time and ordered him to file a brief and enumerations of error on April 21, 2003. Zackery filed his brief and enumerations of error on April 23, 2003. The state moves to dismiss his appeal as untimely. We deny the motion. "Notwithstanding appellant's failure to comply with the rules and order of this court, we decline to dismiss his appeal, but instead we will review the record . . . and make a decision based upon the merits of the case. [Cit.]" (Punctuation omitted.) *Bullard v. State*, 198 Ga. App. 603 (1) (402 SE2d 539) (1991), citing *Cleveland v. State*, 193 Ga. App. 621 (1) (388 SE2d 748) (1989).

2. In his first enumeration of error, Zackery contends that the trial court committed plain error by improperly admitting the officers' testimony regarding his statement "you've got me" because he was not given a *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) warning prior to questioning. In the alternative, Zackery asserts the following contradictory argument: Because the statement was a "spontaneous utterance" not made in response to any interrogation, it was inadmissible. We disagree.

"It is settled that the safeguards prescribed by *Miranda* become applicable as soon as a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.' [Cit.]" (Punctuation omitted.) *Riviera v. State*, 190 Ga. App. 823, 824-825 (1) (380 SE2d 353) (1989), citing *Berkemer v. McCarty*, 468 U. S. 420, 440 (104 SC 3138, 82 LE2d 317) (1984). "Short of that point, *Miranda* warnings need not be given." (Citation omitted.) *Riviera*, supra at 825. "For *Miranda* to apply a person must be taken into custody or otherwise deprived of his freedom of action in some significant way." (Punctuation omitted.) Id., citing *Lobdell v. State*, 256 Ga. 769, 773 (6) (353 SE2d 799) (1987). "Crucial is whether a statement results from a custodial interrogation. If an accused volunteers a noncoerced statement then it is not necessary to invoke the tests which only apply to information obtained as a result of interrogation." *Zubiadul v. State*, 193 Ga. App.

235, 236 (387 SE2d 431) (1989). See also *Brenneman v. State*, 200 Ga. App. 111, 112 (1) (407 SE2d 93) (1991).

In this case, Zackery had not yet been arrested when he made the utterance, but was being detained pending the execution of a search warrant.[1] OCGA § 17-5-28 permits an officer executing a search warrant to detain any person in the place being searched to protect himself from attack or to prevent the disposal or concealment of items described in the search warrant. Significantly, Zackery was not under interrogation at the time the statement was made. Rather, the evidence shows that Zackery voluntarily uttered "you've got me" when Officer Hall reached for the jacket.

Furthermore, Zackery has not shown that he objected to admission of the statement at trial.[2] On the contrary, the trial transcript shows that Zackery's counsel cross-examined the officers at length regarding the utterance. "A party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later." (Citation omitted.) *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979). Similarly, "[a] ground not raised by objection at trial cannot be raised for the first time on appeal." (Citations and punctuation omitted.) *McGarity v. State*, 190 Ga. App. 139 (1) (378 SE2d 179) (1989), citing *Collins v. State*, 183 Ga. App. 243, 244 (4) (358 SE2d 876) (1987). The only exception to this rule is if the conduct constitutes plain error. See *Morrison v. State*, 248 Ga. App. 785, 787 (1) (546 SE2d 312) (2001). Under the "plain error" doctrine, we will consider issues not properly raised and ruled upon in the trial court when the alleged error "is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." (Citations and punctuation omitted.) *Thorne v. State*, 246 Ga. App. 741, 743 (2) (542 SE2d 157) (2000). We do not find that this is such a case.

Moreover, we find no merit to Zackery's argument that the statement was inadmissible because it was a "spontaneous utterance" not made in response to any interrogation. On the contrary, a spontaneous utterance not elicited by any interrogation is admissible. See *Smith v. State*, 265 Ga. 495, 496 (1) (458 SE2d 347) (1995). In addition, the statement was admissible as a part of the res gestae. See OCGA § 24-3-3. See also *Caito v. State*, 130 Ga. App. 831, 836 (6) (204

---

[1] Zackery does not contest the reasonableness of the search or his detention under OCGA § 17-5-28, and even if he did, the argument would have no merit. See *Green v. State of Ga.*, 250 Ga. App. 440 (550 SE2d 736) (2001) (handcuffed defendant was lawfully detained during execution of a search warrant at his apartment).

[2] The record shows that Zackery filed one motion in limine on August 10, 2001, objecting to the admissibility of any evidence related to his leaving the courthouse in June, 2000.

SE2d 765) (1974) (officer's testimony as to the admission by one of the defendants that "you got me" was admissible as a part of the res gestae).

3. Finally, Zackery argues that the evidence was insufficient to support his conviction. We disagree.

OCGA § 16-13-30 (a) provides that "it is unlawful for any person to purchase, possess, or have under his control any controlled substance." Cocaine is a controlled substance. OCGA § 16-13-26 (1) (D). We conclude that the evidence summarized above was sufficient for a rational trier of fact to find Zackery guilty of possession of cocaine beyond a reasonable doubt. *Williams*, supra.

Zackery's arguments to the contrary are without merit. He argues that the verdict was contrary to the evidence, because Thomas testified that the drugs and gun belonged to her and that Zackery had no knowledge of the contraband, and she testified that she pled guilty to the drug charge and the gun charge.

It is well settled that "[w]itness credibility is to be determined by the jury." (Citations and punctuation omitted.) *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001). "Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the [s]tate's case, the jury's verdict will be upheld." (Citation omitted.) *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999). Accordingly, because there was ample evidence to support the jury's verdict, we affirm Zackery's conviction.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 4, 2003.

*Randall & Nestor, Stacey N. Randall, Brian T. Randall*, for appellant.

*Howard Z. Simms, District Attorney, Kirby H. Wincey, Jr., Sharell F. Lewis, Assistant District Attorneys*, for appellee.