## A05A0852. ROSS v. THE STATE.
### (619 SE2d 809)

MIKELL, Judge.

Timothy L. Ross was charged with selling cocaine, in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b). A jury convicted him of the lesser included offense of possession of cocaine, OCGA § 16-13-30 (a). Ross was sentenced to fifteen years, with seven to be served in confinement and the balance on probation. The trial court denied his motion for a new trial, and this appeal followed, in which Ross challenges the sufficiency of the evidence. We affirm the judgment of the trial court.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. (Footnote omitted.) *Sexton v. State*, 268 Ga. App. 736 (1) (603 SE2d 66) (2004). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This test applies "when the sufficiency of the evidence is challenged, whether the challenge arises from the denial of a motion for directed verdict or the denial of a motion for new

---

[6] *Hall v. Blassingame*, 269 Ga. App. 689, 691 (3) (605 SE2d 98) (2004).
[7] *Daniel v. Smith*, 266 Ga. App. 637, 641 (3) (597 SE2d 432) (2004).

trial." (Citation and punctuation omitted.) *Millirons v. State*, 268 Ga. App. 644, 645 (1) (602 SE2d 346) (2004).

(Punctuation omitted.) *Dawson v. State*, 271 Ga. App. 217 (1) (609 SE2d 158) (2005).

Viewed in this light, the record shows that Judy Darnell was a paid confidential informant working under a contract with the Whitfield County Sheriff's Department. Darnell testified that on or about March 19, 2003, she agreed to meet with Ross to purchase crack cocaine at the direction of sheriff's department narcotics detectives. Darnell was accompanied by her husband, Michael, but she was the primary informant. The detectives gave Darnell $300 with which to make the purchase, and she and Michael proceeded to the home of Ross's sister. There, Darnell told Ross that she had $300 and wished to buy crack cocaine. Darnell testified that Ross responded "yeah, that he could get it." Darnell, Michael, and Ross drove in Ross's car to an apartment complex. Ross instructed Darnell and Michael to stay in the car because the person he was going to meet "had been tripping." According to Darnell, Ross went into an apartment to purchase the drugs, but he was unsuccessful. Next, they proceeded to a bar called The Lion's Den. Darnell testified that Ross took the $300 inside and returned with the crack cocaine, which he gave to her. After the purchase, Ross wanted some of the crack cocaine as payment for acting as the middleman, but Darnell paid him $30 instead. According to Detective Raymond Grossman, Darnell was under surveillance during her encounter with Ross, and the detectives witnessed Ross enter and exit both the apartment and The Lion's Den.

The detectives took immediate possession of the crack cocaine Ross provided to Darnell. Detective Grossman testified that he placed the drugs in a sealed bag, which was kept under lock and key in the drug unit storage locker until it was sent to the Georgia Bureau of Investigation crime lab for analysis. David Brown, a forensic scientist with the GBI crime lab, testified that he analyzed the substance obtained from Ross and confirmed that it tested positive for cocaine.

Ross testified as follows: that he did not know Judy Darnell, but he did know her husband, Michael; that Michael approached him about buying crack cocaine, but Ross refused; that Michael loaned Ross $30; that Michael and Judy Darnell went to Ross's sister's house on March 19, 2003; that Judy was under the influence of drugs including OxyContin and Valium at the time; that they went to The Lion's Den so that Michael could sell some pills; that Judy was never in Ross's vehicle because she drove a separate car; and that it was Michael, not Ross, who purchased the crack cocaine.

On appeal, Ross argues that the evidence was insufficient to support his conviction for possession of cocaine. OCGA § 16-13-30 (a) provides that "it is unlawful for any person to purchase, possess, or have under his control any controlled substance." Cocaine is a controlled substance. OCGA § 16-13-26 (1) (D). See also *Salgado v. State*, 268 Ga. App. 18, 24 (4) (b) (601 SE2d 417) (2004); *Zackery v. State*, 262 Ga. App. 646, 651 (3) (586 SE2d 346) (2003). We conclude that the evidence summarized above was sufficient for a rational trier of fact to find Ross guilty of possession of cocaine beyond a reasonable doubt.

Ross argues that Judy Darnell was not a credible witness because she had been convicted of shoplifting and of driving under the influence of prescription medication and because she admitted to having been charged with possession of cocaine. Ross further contends that Darnell's confusion as to how much she was paid by the detectives to serve as an informant damaged her credibility. However,

[i]t is well-settled that "witness credibility is to be determined by the jury." (Citations and punctuation omitted.) *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001). "Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the state's case, the jury's verdict will be upheld." (Citation omitted.) *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999).

(Punctuation omitted.) *Zackery*, supra. Accordingly, because there was ample evidence to support the jury's verdict, we affirm Ross's conviction.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 16, 2005.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Forest L. Miles, Assistant District Attorneys*, for appellee.