A07A1992. RAMEY v. THE STATE.

(655 SE2d 675)

BARNES, Chief Judge.

James Vernon Ramey was convicted of selling methamphetamine and of possessing it with intent to distribute. He appeals his conviction for the sale of methamphetamine, contending the trial court erred in denying his motion for a directed verdict based on insufficient evidence. We find the evidence sufficient to support the conviction and affirm.

We view the evidence in the light most favorable to the verdict, and Ramey no longer enjoys the presumption of innocence. Further, an appellate court determines only whether the evidence presented was sufficient and does not weigh the evidence or determine witness credibility. *Knight v. State*, 257 Ga. App. 470, 471 (1) (571 SE2d 397) (2002).

As his sole enumeration of error, Ramey argues the trial court should have granted his motion for a directed verdict of acquittal because the State had not presented enough evidence to find beyond a reasonable doubt that he sold methamphetamine. Viewing the evidence in the light most favorable to the verdict, a City of Clayton police officer with the drug task force testified that he set up a controlled drug purchase from Ramey by a confidential informant on

October 7, 2003. Before the sale, the officer searched the informant and found no contraband. He also placed a device on the informant to record the transaction. While he could not see the informant as he entered the house because of trees and cars blocking the way, he saw the confidential informant go toward Ramey's residence and, a short time later, saw him come down Ramey's driveway.

The officer and the informant met at a predetermined location where the informant relinquished a clear plastic bag printed with red diamonds, containing less than a gram of methamphetamine. The officer obtained arrest and search warrants, which he and other officers executed nine days later. When he was arrested, Ramey had in his pockets three clear plastic bags with red diamonds and two plain bags containing a total of 3.55 grams of methamphetamine, along with $190 cash. During the premises search the officers also found a surveillance camera, which is commonly used by drug dealers to alert them to a police raid, a digital scale, and additional plastic bags with red diamonds, which a member of the Northeast Drug Task Force noted are commonly used in the drug trade. A crime lab analyst testified that the drugs tested positive for methamphetamine.

After this testimony and outside the presence of the jury, the State moved for a continuance because its confidential informant had left the courthouse and had not returned. The court denied the motion and said, "The State will proceed. Does the State have any other evidence?" The State responded, "No, sir," after which the defense moved for a directed verdict on the sale charge, "because under the testimony of the witnesses there is no person who witnessed the sale take place as offered testimony." The court took the motion under advisement and adjourned. The next morning, the assistant district attorney said he believed he "said something the court took as being resting of the issue. I will state to the Court that in twenty-two years of trying cases in this courtroom and others I have never ever rested a case without saying in front of a jury, 'State rests, your honor.' " Explaining that he never intended to rest his case, the prosecutor said he had "things that needed to go in front of this jury and would ask the Court to allow that this morning." Following a lengthy colloquy, the Court permitted the prosecutor to present additional evidence and denied Ramey's motion for mistrial.

The State then played for the jury a tape of the drug sale after an officer familiar with the voices of both Ramey and the informant identified them as the speakers. The men discussed needing a bag, after which Ramey's voice could not be heard for some period of time before he returned to the conversation. After the State rested, Ramey again moved for a directed verdict, which the trial court denied. After Ramey rested, the State presented the informant, who had returned

to the courtroom, as a rebuttal witness. The informant testified that he purchased methamphetamine from Ramey and turned it over to the drug task force.

Ramey contends that the trial court erred in denying his motion for a directed verdict when the State rested for the first time, because the State had presented insufficient evidence to establish he was guilty of selling cocaine. He also contends that the trial court erred in allowing the State to open its testimony after it rested, and in admitting the tape and allowing the officer to identify the speakers, because the tape revealed nothing incriminating.

"[I]t is within the discretion of the trial court to permit the state to reopen its case after the close of the evidence; and the trial court may deny a directed verdict of acquittal to permit the state to proffer evidence previously overlooked." *Bryan v. State*, 168 Ga. App. 711 (1) (310 SE2d 533) (1983). But even without hearing the tape or the informant's rebuttal testimony, the State presented sufficient circumstantial evidence before Ramey moved for a directed verdict to convict Ramey of selling methamphetamine. Police officers testified about the controlled buy, after which the informant produced drugs in a plastic ziplock bag printed with red diamonds. The search of Ramey nine days later yielded methamphetamine in the same type of ziplock bags, as well as a large amount of cash in Ramey's pockets and drug paraphernalia in his home. We find that from that evidence, the jury was authorized to conclude that Ramey sold methamphetamine to the confidential informant. Therefore, the trial court did not err in denying Ramey's motion for a directed verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Knight v. State*, supra, 257 Ga. App. at 472.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED DECEMBER 7, 2007.

*Mary Erickson*, for appellant.

*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.