A09A2138. CULPEPPER v. THE STATE.
(690 SE2d 864)

PHIPPS, Judge.

Dwight Culpepper was tried by a jury and convicted of selling cocaine and possessing cocaine. He claims that his trial counsel provided ineffective assistance and that the evidence was insufficient to support his conviction for selling cocaine. For reasons that follow, we conclude that both claims fail and therefore affirm.

The evidence relevant to Culpepper's convictions showed that on April 4, 2006, a sergeant with the Troup County Sheriff's Office hired a confidential informant to purchase cocaine from Culpepper. Before sending the informant to purchase the drugs, the sergeant searched him and provided him with $50 and a button camera, which was attached to his shirt. The sergeant drove the informant to a street corner near where the sale was to take place and met him at the same location approximately 20 minutes later. He searched the informant again and found a substance that tested positive for cocaine, but no money.

The informant testified that he previously had been a paid informant for law enforcement between 20 and 30 times. In this case,

[3] OCGA § 9-11-56 (c).
[4] See *Peach Blossom Dev.*, supra at 271.

he contacted the sergeant and told him that Culpepper wanted to sell him crack cocaine and then made arrangements to purchase the drugs at Culpepper's house. After being driven to a nearby location, the informant went to Culpepper's house and gave him the $50 the sergeant had given him. Culpepper asked him to wait there and returned less than ten minutes later with the cocaine, which the informant later gave to the sergeant.

The informant verified that the video recording from the button camera, which was played for the jury, accurately depicted what had occurred that day. The recording does not mention cocaine or show an actual exchange between Culpepper and the informant, but it does clearly show Culpepper's face and it supports the informant's testimony regarding the timing of the interaction.

Culpepper testified that the informant actually came to his house to pick up a pair of blue jeans that Culpepper had purchased for him. The informant gave him $20 for the jeans.

Approximately two months after the incident with Culpepper and the informant, a deputy sheriff stopped Culpepper's vehicle to serve him with two arrest warrants for selling cocaine. The deputy arrested Culpepper and searched his pockets where he found a substance that tested positive for cocaine.

1. Culpepper claims that his trial counsel was ineffective in failing to strike a particular juror and in failing to object to bad character evidence.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[1] There are two components to this inquiry:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.[2]

The combined effects of counsel's errors are considered in determin-

---

[1] *Strickland v. Washington*, 466 U. S. 668, 686 (II) (104 SC 2052, 80 LE2d 674) (1984).
[2] Id. at 687 (III).

ing the prejudice prong of a claim of ineffective assistance of counsel.[3]

When reviewing a trial court's ruling on trial counsel's effectiveness, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[4]

(a) At the motion for new trial hearing, Culpepper testified that he knew one of the potential jurors and that he had informed his trial counsel of this fact and requested that she not be placed on the jury. Trial counsel also testified at the hearing. She said that she did not recall any such discussion, but that she generally respected her client's requests to strike a particular juror. When asked about this particular juror, she listed several reasons why she thought "[the juror] was not going to give her client a fair hearing" and stated "that's why I struck her." Upon being informed that she had *not* struck that juror, trial counsel speculated that she may not have done so because other jurors were more objectionable.

Even assuming that trial counsel should have struck the juror, Culpepper has failed to show how his defense was prejudiced. During jury selection, the potential juror did not state that she knew Culpepper, and Culpepper has not shown that striking her would have produced a different result in his trial.[5]

(b) Culpepper contends that his trial counsel should have objected to the informant's testimony that he had previously purchased crack cocaine from Culpepper because the testimony placed his character into evidence. When asked about that contention, trial counsel testified:

> I don't recall what I was thinking at the time; however, at the time I knew that my client was probably going to take the stand to explain what happened on the video sale; that he had a prior criminal record, including a drug conviction, that he would be subject to cross-examination on that; and generally, sometimes, it's good just not to object and bring attention to the matter in front of the jury.

Assuming that counsel's conduct constituted deficient performance, Culpepper must show that his trial counsel's deficiency prejudiced him such that a reasonable probability exists that, but for counsel's error, the outcome of his trial would have been different.[6]

---

[3] *Schofield v. Holsey*, 281 Ga. 809, 811, n. 1 (II) (642 SE2d 56) (2007).

[4] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (citation omitted).

[5] See *Adams v. State*, 283 Ga. 298, 300 (3) (a) (658 SE2d 627) (2008).

[6] *Byrd v. State*, 274 Ga. 58, 60 (2) (548 SE2d 2) (2001).

Given the testimony of the sergeant and the informant and the videotape evidence, Culpepper has not shown that his trial would have had a different result if his counsel had objected to the informant's testimony regarding the prior sale.

(c) After considering the combined effect of the alleged deficiencies addressed in Divisions 1 (a) and (b), we conclude that Culpepper has not established a reasonable probability that, but for counsel's alleged errors, the result of his trial would have been different.[7]

2. Culpepper contends that the evidence was insufficient to support his conviction for selling cocaine. He argues that the state's case hinged on the testimony of the informant, who was an admitted drug user, and the video recording, which did not show an actual exchange of cocaine for money.

On appeal from a criminal conviction,

> we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[8]

Under that standard, we conclude that the evidence was sufficient for a rational trier of fact to have found Culpepper guilty of selling cocaine to the informant.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 1, 2010 —
RECONSIDERATION DENIED FEBRUARY 16, 2010.

*James D. Lamb*, for appellant.
*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.

---

[7] *Phillips v. State*, 285 Ga. 213, 223 (5) (k) (675 SE2d 1) (2009); *Schofield*, supra at 811-812.

[8] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).

[9] See *Ramey v. State*, 288 Ga. App. 800, 802 (655 SE2d 675) (2007) (police testimony about controlled buy coupled with drugs produced by informant and drugs found on defendant nine days later was sufficient to convict for drug sale to informant); *Ross v. State*, 275 Ga. App. 137, 139 (619 SE2d 809) (2005) (credibility of paid confidential informant with prior criminal record was for jury to determine).