A10A0047. MORELAND v. THE STATE.
(696 SE2d 448)

ADAMS, Judge.

A jury convicted Young P. Moreland of four counts of selling cocaine and acquitted him on one count of possession of cocaine. Moreland appeals following the denial of his motion for new trial. As his sole argument on appeal, Moreland asserts that his conviction was illegal because the State violated Georgia's bribery statute,

---

OCGA § 16-10-2 (a) (1), when it promised two informants that they would not be prosecuted on unrelated charges in exchange for their participation in controlled buys of cocaine from Moreland and compensated one of those informants for his participation in the buys. We affirm.

The evidence showed that Timothy McCormick was an informant working for the LaGrange Police Department, who agreed, after he was arrested for possession of a crack cocaine pipe, to assist police in making drug buys in exchange for the dismissal of the charges against him. McCormick arranged controlled buys with a number of individuals including Moreland. On one occasion, the police furnished McCormick with $40 to purchase crack cocaine from Moreland, and the transaction was recorded on videotape. An investigator with the LaGrange Police Department testified that police need to employ drug users like McCormick, with ready access to drug sellers, because they are better situated to make controlled buys than are police officers. He stated that these informants are essential to police efforts to control the drug problem.

Reginald Weaver, another informant, worked with the LaGrange police setting up controlled buys in exchange for "working off a charge" and for payment averaging approximately $30 per controlled buy. Weaver testified that he had arranged more than 20 controlled buys for the LaGrange police, including three controlled buys with Moreland. Both McCormick and Weaver testified about their controlled buys with Moreland at trial.

Moreland argues on appeal that the trial court erred in denying his motion for new trial because the State's arrangements with McCormick and Weaver violated Georgia's bribery statute, which provides:

> A person commits the offense of bribery when . . . [h]e or she gives or offers to give to any person acting for or on behalf of the state or any political subdivision thereof, or of any agency of either, any benefit, reward, or consideration to which he or she is not entitled with the purpose of influencing him or her in the performance of any act related to the functions of his or her office or employment.

OCGA § 16-10-2 (a) (1). He asserts that this language does not restrict the class of "person" who can violate the statute and because the police and prosecutor are "person[s]," they fall within the ambit of the statute, even though they are agents of the State.

Even assuming, without deciding, that the legislature intended

OCGA § 16-10-2 (a) (1) to apply to police officers and prosecutors,[1] "[p]ayment for the services of a confidential informant is a long-established practice and cannot constitute a violation of the bribery statute even if the parties contemplated testimony by the paid informant." (Citations omitted.) *United States v. Jackson*, 213 F3d 1269, 1289 (10th Cir. 2000) (construing federal bribery statute), vacated and remanded on other grounds, *Jackson v. United States*, 531 U. S. 1033 (121 SC 621, 148 LE2d 531) (2000).[2] The evidence established that McCormick and Weaver were offered leniency, and Weaver was paid cash, in exchange for their assistance in drug investigations by the LaGrange police, only a portion of which involved the controlled buys with Moreland. "Although the parties may have contemplated [that McCormick and Weaver] would testify upon the completion of the investigation, [there is no evidence that they were] paid in exchange for [their] testimony." Id.

The record contains no evidence that the State made payments or promised benefits in exchange for testimony at Moreland's trial "with the purpose of influencing [McCormick and Weaver] in the performance" of such testimony as required under the Georgia bribery statute. OCGA § 16-10-2 (a) (1). Thus, no violation of the statute occurred. See *United States v. Dawson*, 425 F3d 389, 393-395 (7th Cir. 2005) (benefit to informant did not violate federal bribery statute); *United States v. Anty*, 203 F3d 305 (4th Cir. 2000) (same, federal statute); *United States v. Albanese*, 195 F3d 389, 394-395 (8th Cir. 1999) (same). Instead, it was up to the jury to weigh the evidence of the State's arrangements with McCormick and Weaver in assessing their credibility. See generally *Ross v. State*, 275 Ga. App. 137, 139 (619 SE2d 809) (2005). See also *United States v. Dawson*, 425 F3d at 395 (jury can use its common sense to screen out evidence it finds wholly unreliable because of inducements informant received); *United States v. Harris*, 193 F3d 957, 958 (8th Cir. 1999) (informant's testimony properly admitted for jury to assess credibility and decide weight, if any, to give it).

Accordingly, we find no error in the trial court's denial of the motion for new trial on this ground.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

---

[1] Under OCGA § 1-3-8, "[t]he state is not bound by the passage of a law unless it is named therein or unless the words of the law are so plain, clear, and unmistakable as to leave no doubt as to the intention of the General Assembly." But we note that "person" is defined generally under the Criminal Code of Georgia to include "an individual, a public or private corporation, an incorporated association, government, government agency, partnership, or unincorporated association." OCGA § 16-1-3 (12).

[2] See *United States v. Jackson*, 240 F3d 1245, 1247, n. 2 (10th Cir. 2001) (acknowledging that this holding unaffected by United States Supreme Court's vacatur and incorporating it into opinion issued after remand).

*Graylin C. Ward*, for appellant.
*Peter J. Skandalakis, District Attorney, John M. Caldwell, Assistant District Attorney*, for appellee.